**STELMA, INCORPORATED, Appellant,**
**v.**
**BRIDGE ELECTRONICS CO., Inc.**
**No. 13526.**

United States Court of Appeals
Third Circuit.

Argued Feb. 14, 1961.

Decided Feb. 15, 1961.

---

**164**

---

Seymour C. Yuter, New York City, for appellant.

Morton C. Jacobs, Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

The plaintiff on this appeal asks us to reverse the District Court for the District of New Jersey who denied the plaintiff a preliminary injunction. The injunction would forbid the defendants from making delivery to the United States Government under a contract of an article which is alleged to include a device patented by the plaintiff. The case turns, of course, upon 28 U.S.C. § 1498 which provides as follows:

"1498. Patent and copyright cases

"(a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

"For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States."

The district judge held that the making of the contract by the Government with the supplier constituted an authorization and consent to the using of the plaintiff's patent in the performance of the contract. We do not need to and do not go so far in settling this appeal which, it should be emphasized, is only for a preliminary injunction. The Government has not indicated one way or the other whether it is going to accept delivery of the articles manufactured by the defendant. It has a contract calling for delivery the first installment which is to take place, we are advised, February 17th. There is no basis on which a court should interfere with the relations between the parties to this contract and forbid its performance now or any other time. Broome v. Hardie-Tynes Mfg. Co., 5 Cir., 1937, 92 F.2d 886.

The judgment of the district court will be affirmed.