**STELMA, INCORPORATED, Appellant,**

v.

**BRIDGE ELECTRONICS CO., Inc.**

Nos. 13633, 13688.

United States Court of Appeals Third Circuit.

Argued Feb. 19, 1962.

Decided March 8, 1962.

S. C. Yuter, New York City, for appellant.

Morton C. Jacobs, Philadelphia, Pa. (Max R. Millman, David Cohen, Philadelphia, Pa., Millman & Jacobs, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and GANEY, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a summary judgment entered against it by the District Court for the District of New Jersey in this action for damages and injunctive relief based on alleged patent infringement. Plaintiff also complains of the district court's award of counsel fees to the defendant in the sum of $3,000. The invention in question is a "telegraph distortion analyzer," and spe-cifically involved is the plaintiff's model TDA-2S. The case has been here before, and we held then that the plaintiff was not entitled to a preliminary injunction. See 287 F.2d 163 (3 Cir.1961) (per curiam).

Summary judgment below was based on 28 U.S.C. § 1498, which provides that, when a patent is infringed in the use or manufacture of an article for the United States, the patent owner's remedy shall be by suit against the Government in the Court of Claims. The question here is whether the Government has authorized or consented to the use of the infringing device, as provided in the second paragraph of the statute. We think it has. Not only did the invitation to bid specify that the subject matter of the contract was "Stelma, Inc.'s Model TDA-2S, or equal," but in addition it appears that the Government consented, if it had not done so before, by accepting delivery under the contract.[1] We think that is all there is to say on this point.

The district judge considered that the case here was one of harassment and imposed the $3,000 counsel-fee penalty upon the appellant. While this is bitterly opposed, we do not think that there was any abuse of discretion on the part of the trial judge in doing what he did. The appellee has asked for an additional penalty in this Court. We think, however, that the ends of justice are sufficiently served by the penalty already imposed.

The judgment of the district court will be affirmed.

---

1. Paragraph 40 of the contract provides, in pertinent part, that "the Government hereby gives its authorization and consent * * * for all use and manufacture, in the performance of this contract * * * of any patented invention * * * embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract * * *."