**REFAC INTERNATIONAL, LTD.,**
**Plaintiff-Appellant,**

v.

**IBM et al., Defendants-Appellees.**

**Appeal No. 86–864.**

United States Court of Appeals,
Federal Circuit.

April 18, 1986.

Richard T. Laughlin, Laughlin and Markensohn, Morristown, N.J., submitted for plaintiff-appellant.

Alan J. Hruska and Robert L. Nowicki, Cravath, Swaine & Moore, New York City, submitted for defendant-appellee IBM Corp.

Charles W. Bradley and Lawrence B. Goodwin, Davis, Hoxie, Faithfull & Hapgood, New York City, submitted for defendant-appellee Allied Corp. and Burroughs Corp.

Janet Dore, John C. Vassil and John C. Andres, Morgan, Finnegan, Pine, Foley & Lee, New York City, submitted for defendant-appellee Supermarkets Gen. Corp.

Roy H. Wepner, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, N.J., submitted for defendant-appellee Diebold, Inc.

Harold E. Meier and Herbert J. Hammond, Gardere & Wynne, Dallas, Tex., submitted for defendant-appellee Docutel/Olivetti Corp.

Before MARKEY, Chief Judge, BISSELL and ARCHER, Circuit Judges.

## ORDER

Refac International, Ltd. (Refac) filed, on March 27, 1986, a "Request (sic, Petition) for Reconsideration of Order of March 14, 1986." On the same day, March 27, 1986, Refac filed a "Motion by Appellant, Refac International, Ltd., Requesting Leave to File an Amended Notice of Appeal." The Request and the Motion were each accompanied by a memorandum in support.

On February 24, 1986, IBM had moved to dismiss this appeal on the ground that the order appealed from is a non-final order in which the district court merely separated for trial 31 "customer" defendants from 6 "manufacturer" defendants and stayed further proceedings in respect of the separated defendants. IBM sought damages because the appeal was frivolous.

In its unpublished order of March 14, 1986, this court dismissed the appeal, having noted that the district court had vacated its December 17, 1985 order, from which the appeal was taken, and had substituted a substantially similar order of February 14, 1986, from which no appeal was taken. On the premise that there was thus nothing present for review, the court dismissed the appeal.

In its present Request, Refac accuses this court of misstating and mistaking the facts and overlooking the law. In its Motion to Amend the Notice of Appeal (which should have been filed in the district court) Refac explains the facts it accuses the court of mistaking; i.e., it tells us there was a January 7, 1986, order of the district court, substantially similar to the order of December 17, 1985. Refac says it did not appeal from the January 7th order because it thought that would be redundant. The Request says the February 14 order of the district court, vacating its December 17, 1985 order and stating that its January 7, 1986 order was still in effect, was a nullity because the district court had lost jurisdiction to issue any such order on January 21, 1986, when Refac filed its notice of appeal from the December 17, 1985 order. Though Refac's Request describes the three orders of the district court (only two of which Refac enclosed with its Request) as "identical", that is simply not true.

Having filed its Request for Reconsideration and Motion to Amend its Notice of Appeal, Refac requests that this court withdraw its order of March 14, 1986, and allow this appeal to go forward. The court will grant the request to withdraw its order of March 14, 1986, thus returning the appeal to its status on that date and reopen-

ing for consideration IBM's Motion to Dismiss and Refac's opposition thereto.

Refac's filing of this appeal from a non-final order is frivolous, and its arguments in opposition to the Motion to Dismiss are specious.

■ Refac's principal argument is that, because its patents expire in 1988, the appealed order will preclude it from obtaining an injunction against the separated defendants, and the order is, therefore, appealable as a denial of an injunction under 28 U.S.C. § 1292(c). The argument is specious on at least two factual bases necessarily known to Refac: (1) the order expressly provides Refac with discovery to determine whether any separated defendant is a manufacturer; and (2) all separated defendants have agreed to be *bound* by any injunction in this case (a fact not recognized or mentioned by Refac).

Refac repeatedly complains that the district court made findings on which defendants are and are not "manufacturers". That is not true. The court accepted the acknowledgements of six defendants that they are manufacturers and provided Refac with the means of learning whether any others are.

Refac's filing of this appeal and its arguments not only disregard the district court's notation that the appealed order represents "sensible judicial management," but also ignore the interests of Refac, whose patents expire in September and October of 1988. The appealed order, with its provision binding all 37 defendants on the judgment is the only practical way that Refac could obtain an injunction against the 31 separated defendants, because Refac could not expect to complete a trial involving 37 defendants before expiration of its patents.

Refac engages in conjectural "possibilities" of manufacturers it has not yet named and of "unique" systems some separated defendants might be employing. Such conjecture is not only undermined by provisions in the appealed order, but has no place in Refac's opposition to dismissal of the present appeal.

Refac not only cites no authority for its argument that the appealed order is a denial of an injunction, but totally ignores the contrary authority cited by IBM.

Refac's assertion that the appealed order is appealable "as a final order" ignores IBM's citation of cases limiting that view to orders that end the litigation or put Refac out of court, neither of which is true here, where the district court continues to exercise jurisdiction and has issued an order that expedites adjudication. Refac's reliance on *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is specious, none of Refac's claims having been determined in the appealed order.

Refac's arguments that it must have the separated defendants at trial to prove their direct infringement so that it can then prove contributory infringement by the manufacturers is factually and legally specious. Five of the six manufacturers admitted selling both hardware and software, and direct infringers need not be parties. They were not even named in *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964).

Refac's argument that it has been deprived of discovery opportunity vis-a-vis the separated defendants is false, as Refac should know from the magistrate's First Case Management Order.

Lastly, Refac's assertions concerning contributory infringement and discovery are simply irrelevant to the question of whether the appeal should be dismissed as having been taken from a non-final order.

■ Accordingly, it is ORDERED:

(1) Refac's "Request [sic, Petition] for Reconsideration" is granted;

(2) This court's order of March 14, 1986, is vacated and this order is substituted therefor;

(3) Refac's "Motion for Leave to File an Amended Notice of Appeal" is denied as moot and as improperly filed in this court;

(4) IBM's Motion to Dismiss is, on its merits, granted;

(5) This appeal and Refac's opposition to the Motion to Dismiss are frivolous;

(6) Refac and its counsel on appeal are jointly and severally liable to IBM for the latter's costs and attorney fees in connection with this appeal. Fed.R. App.P. 38. IBM shall file with the Clerk of this court and serve on Refac within 14 days of this order a statement of its costs and attorney fees on this appeal.