**REFAC INTERNATIONAL, LTD.,**
**Plaintiff-Appellant,**

v.

**IBM, et al., Defendants-Appellees.**

**Appeal No. 86–864.**

United States Court of Appeals,
Federal Circuit.

July 31, 1986.

Richard T. Laughlin, Laughlin & Markensohn, Morristown, N.J., for appellant.

Alan J. Hruska and Robert L. Nowicki, Cravath, Swaine & Moore, New York City, for appellee IBM, Inc.

Roy H. Wepner, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, N.J., for appellee Diebold, Inc.

Harold E. Meier and Herbert J. Hammond, Gardere & Wynne, Dallas, Tex., for appellee Docutel/Olivetti Corp.

Charles W. Bradley and Lawrence B. Goodwin, Davis Hoxie Faithfull & Hapgood, New York City, for appellees Burroughs Corp. and Allied Corp.

Janet Dore, John C. Vassil and John C. Andres, Morgan, Finnegan, Pine Foley &

Lee, New York City, for appellee Supermarkets Gen. Corp.

Before MARKEY, Chief Judge, BISSELL and ARCHER, Circuit Judges.

MARKEY, Chief Judge.

### ORDER ON RECONSIDERATION

Refac International, Ltd. ("Refac") petitions for rehearing of an Order dated April 18, 1986, which, *inter alia,* dismissed Refac's appeal from a non-final order as frivolous and declared Refac liable under Fed. R.App.P. 38 for attorney fees and costs. *Refac International, Ltd. v. IBM,* 790 F.2d 79, 229 USPQ 712 (Fed.Cir.1986). At the request of the Court, IBM Corporation ("IBM") filed an answer to the petition and, with the permission of the Court, Refac filed a reply. Having reviewed the parties' submissions, we affirm the dismissal but vacate the award of attorney fees.

■ Refac's argument that the appeal falls within one of the exceptions to the rule against appealing non-final orders can on reconsideration be said to fall just within the ragged edge of the penumbra surrounding legitimate advocacy. *See generally Beghin-Say International, Inc. v. Rasmussen,* 733 F.2d 1568, 1573, 221 USPQ 1121, 1125 (Fed.Cir.1984) (referring to the "differences between excessive advocacy ... and clear frivolity"); *Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed.Cir.1983) (noting that appeals having a small chance of success "are not for that reason alone frivolous").

■ We conclude, however, that the appeal was properly dismissed because it does not fall within any of the exceptions to the rule that only final orders are appealable, *e.g.,* the exception of 28 U.S.C. § 1292(a)(1), or those articulated in *Gould v. Control Laser Corp.,* 705 F.2d 1340, 217 USPQ 985 (Fed.Cir.1983), *cert. denied* 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); or *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). We have carefully reconsidered, and again reject, Refac's argument that it will be effectively "put out of court by the stay order," and that the appeal is therefore within the *Gould v. Control Laser* exception. The order staying the prosecution of claims against thirty-one defendants is a matter of case management within the discretion of the district court and does not put Refac "out of court." Moreover, it is not the role of this court to manage proceedings in the district court in response to an appeal filed at an interlocutory stage.

Refac argues that the stay will make it impossible to prove direct infringement, which it must do to prove contributory infringement against the non-stayed defendants. Proving direct infringement is essential to proving contributory infringement. *See, e.g., Porter v. Farmers Supply Service, Inc.,* 790 F.2d 882, 884, 229 USPQ 814, 815 (Fed.Cir.1986). However, we disagree that the stay must produce the result predicted by Refac. Proof of direct infringement does not require the participation at trial of, or prosecution of claims against, the thirty-one defendants who, though their participation is stayed, remain parties to the case. If adequate discovery relevant to direct infringement is available to Refac, such discovery can elicit information needed to prove direct infringement (if there be direct infringement). Though the Order of December 17, 1985 (as well as subsequent Orders) is described by Refac as permitting only limited discovery, it does not foreclose Refac from asking the district court for additional discovery. Refac cannot be held accountable for failing to prove direct infringement if its efforts to do so were foreclosed by an order of the court. Nor could IBM rely on allegations of such failure, having resisted such efforts.

Refac has refocused its memoranda and appeal from the stay to the present discovery orders, complaining that if it could obtain information it could seek a preliminary injunction. Without a preliminary injunction, says Refac, it will be denied the

chance to enjoin the direct infringers—a fundamental patent right—because the patents at issue expire in a few years.* However, discovery orders are normally not appealable at this interlocutory stage, and we repeat that the district court does not appear to have permanently precluded Refac from further, broader discovery relevant to the issue of direct infringement.

Accordingly, IT IS ORDERED that: (1) this Court's Order of April 18, 1986 is affirmed, except that Refac and its counsel are not liable to IBM for attorney fees; (2) IBM's May 1, 1986 statement of attorney fees is moot; and (3) IBM is awarded costs under Fed.R.App.P. 39 and will file a new bill of costs in accordance with the Rules.

---

* Our earlier Order noted that all stayed defendants have agreed to be bound by any injunction in this case. Refac says, however, that the agreement covered only articles purchased from non-stayed defendants. Hence, any injunction against the non-stayed defendants would not prohibit those defendants from purchasing from non-defendants or making the infringing devices themselves. The record does not reflect that Refac requested the district court to modify the agreement.