DAVIS, Circuit Judge.
 

 TVI Energy Corporation (TVI) appeals from a decision of the District Court for the Eastern District of Virginia granting appellees Blane Enterprises, Inc. and Milton C. Blane (Blane) summary judgment in a patent infringement action. The District Court decided that, under 28 U.S.C. § 1498, appellant’s sole remedy would lie, if at all, in the United States Claims Court.
 
 [1]
 
 We affirm.
 

 I.
 

 Modern weapon systems are equipped with infrared sighting devices that enable military troops to locate and identify enemy units at night and during inclement weather. Hostile vehicles emit characteristic infrared images called thermal signatures that are unique for each type of vehicle. For example, a battle tank has a thermal
 
 *1059
 
 signature quite distinct from that of a wheeled armored vehicle. TVI is engaged in designing, developing, and manufacturing disposable thermal targets for the United States military. These thermal targets duplicate the thermal signatures of enemy units and are used by the military in weapon training exercises. TVI was granted U.S. letters patent No. 4,422,646 (’646 patent) on disposable thermal targets in 1983 and since that time has been a major supplier to the United States Government (Government).
 

 In October 1985, the Government invited the public to submit bids to supply disposable thermal targets to the military. The Government’s procurement procedure required that bidders submit specimen thermal targets and conduct live demonstrations in Fort Knox, Kentucky.
 
 [2]
 
 Blane and TVI were both bidding on the Government contract and each demonstrated its specimen thermal targets in Fort Knox on the same day. Mr. Rosa, a vice-president of TVI, attended the demonstration and, upon seeing the Blane targets, concluded that they infringed the ’646 patent.
 

 TVI immediately instituted an action in the United States District Court for the Eastern District of Virginia (District Court) against Blane claiming patent infringement.
 
 [3]
 
 Blane filed a motion for summary judgment contending,
 
 inter alia,
 
 that, as a potential governmental supplier, it was immune under 28 U.S.C. § 1498
 
 [4]
 
 from an infringement action in the District Court, that the District Court lacked jurisdiction, and that TVI’s relief lay, if at all, in an action against the Government in the Claims Court. TVI opposed that motion. It argued that § 1498 was not controlling in this instance because Blane was merely bidding for a Government contract and there was, under the applicable procedures, no obligation on the Government to accept any bid or to enter into a contract with any one of the offerors. The District Court rejected TVI’s argument and held that Blane was immune under 28 U.S.C. § 1498 from suit in the District Court. TVI appeals that decision on the ground that Blane’s demonstration at Fort Knox was not a use or manufacture “for the Government” within the meaning of § 1498 and that Blane infringed the ’646 patent in circumstances that were not “with the authorization or consent of the Government.”
 

 II.
 

 The sole issue before us is whether a private party which infringes another’s patent during Government bidding activities such as those present here is immune under 28 U.S.C. § 1498 from a District Court infringement action for that test demonstration. In other words, was Blane acting “by or for” the United States and “with its authorization or consent” when it demonstrated the allegedly infringing targets at Fort Knox for the sole purpose of responding to the Government’s demand for a “Product Demonstration,” with the objective of acquiring a Government contract?
 

 28 U.S.C. § 1498 was adopted originally in 1910 and later amended in 1918. The Congressional history of § 1498 makes it clear that the policy behind the 1918
 
 *1060
 
 amendment was to relieve private Government contractors from expensive litigation with patentees, possible injunctions, payment of royalties, and punitive damages. The amendment provided that the patentees’ sole remedy was a suit against the United States in the Court of Claims.
 
 [5]
 
 The Act was amended in 1918 at the behest of the Secretary of the Navy who cited difficulties in procuring goods from private manufacturers necessary to meet military requirements of World War I. H.R. 10858, 65th Cong., 2d Sess., 36 Cong.Rec. 7961 (1918).
 
 See Richmond Screw Anchor Co. v. United States,
 
 275 U.S. 331, 339, 48 S.Ct. 194, 195, 72 L.Ed. 303 (1928);
 
 Leesona Corp. v. United States,
 
 599 F.2d 958, 967, 220 Ct.Cl. 234, 248-49 (1979);
 
 Calhoun v. United States,
 
 453 F.2d 1385, 1391, 197 Ct.Cl. 41 (1972).
 

 Appellant’s argument that Blane’s activities were outside the scope of § 1498, because Blane was merely a
 
 competitor
 
 for a Government contract and not yet an approved Government
 
 source,
 
 is meritless. The significant point is that Blane was
 
 required
 
 to demonstrate the allegedly infringing targets as part of the Government’s bidding procedure. Appellees’ only purpose in demonstrating the targets was to comply with the Government’s bidding requirements. In these circumstances, we can come to no other conclusion than that this demonstration fell within the scope of § 1498 as being “for the United States” and “with its approval.”
 
 Cf. Selma, Inc. v. Bridge Electronics Co.,
 
 300 F.2d 761, 132 USPQ 665 (3d Cir.1962).
 

 We must also reject in this situation appellant’s argument that Blane did not act with the “authorization or consent” of the Government because there was no authorization or consent letter. Authorization or consent by the Government can be expressed in a form other than such a letter.
 
 See Hughes Aircraft Co. v. United States,
 
 534 F.2d 889, 901, 209 Ct.Cl. 446, 192 USPQ 296, 304-05 (1976). In proper circumstances, Government authorization can be implied. In this case, for instance, Government authorization was expressed by the specific requirement that Blane demonstrate, under the guidelines of the bidding procedure, the allegedly infringing targets at Fort Knox.
 
 Id.
 
 The mere fact that the Government specifications for the targets did not absolutely require Blane to infringe TVI’s patent at that demonstration does not extinguish the Government’s consent. To limit the scope of § 1498 only to instances where the Government requires by specification that a supplier infringe another’s patent would defeat the Congressional intent to allow the Government to procure whatever it wished regardless of possible patent infringement.
 
 [6]
 
 The coverage of § 1498 should be broad so as not to limit the Government’s freedom in procurement by considerations of private patent infringement.
 
 [7]
 

 TVI argues that to deny it relief leaves it without a judicial remedy. Specifically, appellant claims that, since the Government has not yet awarded Blane (or any other party) a contract, it is likely that suit in the Claims Court against the Government under § 1498 will be rejected. As support, TVI submits a letter from the Patent Law Division of the Army stating that “[ujntil a contract has been awarded and equipment delivered and accepted under the contract, there is
 
 in general
 
 no basis for an infringement claim against the government” (emphasis added). We note the words “in general” and likewise recognize that the opinion of the Patent Law Division is not the final authority. In any event, we do not find it necessary to answer here the question of whether TVI has a cause of action
 
 *1061
 
 against the Government for patent infringement at this time. We simply conclude that, if TVI now has a cause of action, its remedy is against the Government in the Claims Court. We add that Blane’s “demonstration-infringement” was minimal at best. The total value of the targets was only $500, and Blane received no commercial profit from the use of the targets; they were used solely for the purpose of display in the required Government procurement procedure.
 

 Appellees claim that TVI’s appeal is frivolous and therefore that this court should impose sanctions against appellant as provided in Fed.R.App.P. 38.
 
 See Asberry v. United States Postal Service,
 
 692 F.2d 1378, 215 USPQ 921 (Fed.Cir.1982). Blane also requests attorney fees as provided in 35 U.S.C. § 285.
 
 See Refac International Ltd. v. IBM,
 
 790 F.2d 79, 229 USPQ 712 (Fed.Cir.1985). This court has imposed sanctions and granted attorney fees where an appeal is “clearly hopeless and unquestionably without any possible basis in fact or law.”
 
 Chemical Engineering Corp. v. Marlo, Inc.,
 
 754 F.2d 331, 335, 222 USPQ 738, 741 (Fed.Cir.1984). However, we determine in this instance that TVI has raised a colorable, albeit weak, argument that was not raised in bad faith. Appellees’ request for sanctions and attorney fees is therefore denied.
 

 AFFIRMED.
 

 [1]
 

 . The effect of the court’s action was to dismiss the complaint for lack of jurisdiction.
 

 [2]
 

 . The Government’s bid solicitation expressly mandated that bidders' proposals include a "Product Demonstration” at Fort Knox.
 

 [3]
 

 . TVI simultaneously filed a patent infringement action in the United States District Court for the District of Massachusetts against Flex-watt Corp., one of Blane’s suppliers. Those proceedings have been stayed pending the outcome of this appeal.
 

 [4]
 

 . 28 U.S.C. § 1498 provides:
 

 (a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner’s remedy shall be by action against the United States in the United States Claims Court for the recovery of his reasonable and entire compensation for such use and manufacture.
 

 For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government shall be construed as use or manufacture for the United States.
 

 [5]
 

 . The Federal Courts Improvement Act of 1982, Pub.L. 97-164, 96 Stat. 25, provided that a patentee’s sole remedy lies in a suit against the United States in the Claims Court.
 

 [6]
 

 . It would also be directly contrary to the policy adhered to by the Comptroller General who has made it clear that § 1498 immunity extends to Government procurement activities.
 
 Opinion of the Comptroller General of the United States,
 
 119 USPQ 187, 188, dated October 6, 1958.f
 

 [7]
 

 . To the same effect,
 
 see Ling-Temco-Vought, Inc. v. Kollsman Instrument Corp.,
 
 372 F.2d 263, 269 (2d Cir.1967),
 
 affirming
 
 149 USPQ 168, 196 n. 29 (E.D.N.Y.1966).