BATH IRON WORKS
CORPORATION, Plaintiff,

v.

PARMATIC FILTER
CORPORATION, Defendant.

Civ. No. 89–0014–P.

United States District Court,
D. Maine.

May 22, 1990.

Arlyn H. Weeks, Conley, Haley & O'Neil, Bath, Me., and Robert E. Hillman, Fish & Richardson, Boston, Mass., for plaintiff.

Jeffrey M. White, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., and John N. Bain and Carl H. Rifino, Carella, Byrne, Bain & Gilfillan, Roseland, N.J., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

Plaintiff brought this action seeking a declaratory judgment that it did not infringe certain patents held by Defendant and that it has not misappropriated any of Defendant's trade secrets. Defendant counterclaimed, alleging patent infringement and misappropriation of trade secrets. Plaintiff subsequently moved to dismiss the patent infringement claims on the grounds that 28 U.S.C. § 1498 vests exclusive jurisdiction of such claims in the United States Claims Court.

The Court holds that it lacks jurisdiction over Defendant's counterclaims for patent infringement because 28 U.S.C. § 1498 vests exclusive jurisdiction over those claims with the United States Claims Court. The Court thus will dismiss Counts I through IV of Defendant's counterclaim. Because the Court does not have jurisdiction over Defendant's patent infringement claims, it will deny Defendant's motion for leave to file an amended answer and counterclaim. The Court finds that no prejudice will accrue to Defendant due to dismissal of Count I of Plaintiff's complaint, and thus will also grant Plaintiff's Motion to Dismiss Count I of its complaint. Finally, the Court will dismiss Defendant's Motion for partial Summary Judgment because it was not timely filed.

### I. Background

Plaintiff is a Maine corporation which builds military vessels for the United States Navy. Plaintiff and the Navy executed a contract on March 15, 1985 for the construction of a destroyer, and, pursuant to that contract, Plaintiff sought bidders to supply "moisture separators" for the vessel. Defendant holds patents on various designs for moisture separators, which separate moisture from the air as air is drawn into the vessel's gas turbine engines.

Defendant bid unsuccessfully for the contract for supply of moisture separators for the vessel, and in the fall of 1988 Defendant informed Plaintiff that its actions with reference to the moisture separators constituted patent infringement and misappropriation of trade secret information. Plaintiff filed a declaratory judgment action in this Court in January 1989; Count I seeks a declaration that Plaintiff did not infringe Defendant's patents and that one of Defendant's patents is invalid, and Count II seeks a declaration that Plaintiff has not misappropriated any of Defendant's trade secrets. Defendant counterclaimed in five counts, alleging patent infringement, willful patent infringement, inducement of infringement, willful inducement of infringement, and misappropriation of trade secrets.

### II. Jurisdiction of the Patent Claims

Plaintiff seeks dismissal of Count I of its complaint and Counts I through IV of Defendant's counterclaim on the ground that this Court lacks subject matter jurisdiction over those claims. Plaintiff contends that 28 U.S.C. § 1498 [1] vests exclusive jurisdiction of those claims with the United States Claims Court.

Pursuant to 28 U.S.C. § 1498, when a patented invention is used or manufactured by or for the United States government without the patent owner's license, the owner's exclusive remedy is to bring an action against the United States in the United States Claims Court. 28 U.S.C.

---

1. 28 U.S.C. § 1498 provides in pertinent part: Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Claims Court for the recovery of his reasonable and entire compensation for such use and manufacture.

For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization and consent of the Government, shall be construed as use or manufacture for the United States.

§ 1498(a); *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 897, 209 Ct.Cl. 446 (1976). The policy behind 28 U.S.C. § 1498 is to relieve private government contractors from expensive litigation with patentees, possible injunctions, payment of royalties, and punitive damages. *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed.Cir.1986). A patentee "takes his patent from the United States subject to the government's eminent domain rights to obtain what it needs from manufacturers and to use the same. The government has graciously consented, in the same statute, to be sued in the Claims Court for reasonable and entire compensation, for what would be infringement if by a private person." *W.L. Gore and Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1283 (Fed.Cir.1988).

The Court finds that the moisture separators specified and installed by Plaintiff were "used or manufactured ... for the United States," with the government's authorization and consent, and thus Defendant's sole remedy for infringement of its patents is to sue the United States in the United States Claims Court. First, Plaintiff's undertaking to manufacture a destroyer for the United States Navy clearly was for the government, i.e., for the government's benefit. Moreover, the Navy authorized revised specifications calling for a combined moisture separator/panel to be installed on the ship. Thus if Defendant has a cause of action for patent infringement, its exclusive remedy is to sue the United States in the United States Claims Court. This Court, therefore, lacks jurisdiction over Counts I through IV of Defendant's counterclaim, and thus must grant Plaintiff's motion to dismiss those claims.

■ Defendant contends that the Claims Court does not have jurisdiction over its patent infringement claims because the

Navy has not yet accepted the vessel. Defendant argues that under the Navy's contract with Plaintiff, the government does not "authorize and consent" to the use and manufacture of the Defendant's inventions until acceptance of the ship, and that therefore its counterclaims are outside the scope of 28 U.S.C. § 1498.

The authorization and consent clause of the contract in question provides in pertinent part:

> The Government authorizes and consents to all use and manufacture, in performing this contract ... of any invention described in and covered by a United States patent ... (2) used in machinery ... whose use necessarily results from compliance by the Contractor or a subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance.

Plaintiff's complaint alleges, and Defendant admitted in its answer, that Plaintiff issued a revised purchase specification calling for a combined moisture separator/panel for the destroyer, and that the Navy approved issuance of the revised specification. By authorizing the revised purchase specification, the government authorized and consented to the use and manufacture of the moisture separators within the meaning of both 28 U.S.C. § 1498 and the authorization and consent clause, and therefore Defendant's sole remedy is to sue the United States in the Claims Court.[2]

■ Plaintiff also seeks to dismiss Count I of its own complaint, arguing that 28 U.S.C. § 1498 vests exclusive jurisdiction over that claim with the Claims Court. Although the Court disagrees with Plaintiff on the jurisdictional question,[3] it nevertheless finds that no prejudice will accrue to

---

**2.** The Court expresses no opinion on the merits of Defendant's cause of action against the United States. As the *TVI Energy* court stated:

> [W]e do not find it necessary to answer here the question of whether [the owner of the patent] has a cause of action against the Government for patent infringement at this time. We simply conclude that if [the owner] now has a cause of action, its remedy is against the Government in the Claims Court.

806 F.2d at 1060–61.

**3.** 28 U.S.C. § 1498 confers on the Claims Court exclusive jurisdiction over actions brought by the owner of a patent when that patent has been used, without license, by or for the United States. The statute does not apply to actions brought by the alleged infringer of the patent.

Defendant by voluntarily dismissing the action pursuant to Fed.R.Civ.P. 41(a)(2).[4] Although the motion to dismiss was filed in the late stages of discovery, Count II of Plaintiff's complaint and Count V of Defendant's counterclaim remain in this Court. A portion of the discovery conducted in this matter is undoubtedly relevant to those remaining counts. *See Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 50 (1st Cir.1981) (rejecting defendant's objection to voluntary dismissal where much of the discovery undertaken remained relevant to another pending suit). Furthermore, the discovery undertaken with respect to the patent infringement claims will benefit Defendant in any action it decides to undertake in the Claims Court.

Voluntary dismissal of Count I is also fair to the parties and serves the interests of judicial economy. The Court does not have jurisdiction over Defendant's counterclaims, which involve the same transaction or occurrence as Count I of Plaintiff's complaint. Those claims are properly heard in the Claims Court. The issues relating to patent validity and infringement should be resolved by a single court in the interests of avoidance of piecemeal litigation and fairness to the parties. The Court, therefore, will grant Plaintiff's motion to dismiss Count I of its complaint. *See Puerto Rico Maritime Shipping Authority,* 668 F.2d 46; *Cf. Holbrook v. Andersen Corp.,* 130 F.R.D. 516 (D.Me.1990).[5]

■ Defendant argues that if Plaintiff's motion for dismissal is granted, the Court should award it reasonable costs and attor-

ney's fees. Rule 41(a)(2) permits the Court, in exercising its sound discretion, to voluntarily dismiss an action "upon such terms and conditions as the court deems proper," including imposing costs and attorney's fees. Fed.R.Civ.P. 41(a)(2); *Puerto Rico Maritime Shipping,* 668 F.2d at 51. The purpose of imposing terms and conditions under Rule 41(a)(2) is to protect the defendant. C. Wright and A. Miller, *Federal Practice and Procedure* § 2366, at 177. The Court finds it unnecessary to award discovery costs incurred by Defendant because the discovery has not been wasted. *See infra.* However, the Court will award Defendant the reasonable costs, including attorney's fees, it incurred in preparing its opposition to Plaintiff's Motion to Dismiss.

Accordingly, it is ORDERED that Count I of Plaintiff's Complaint, and Counts I, II, III and IV of Defendant's Counterclaim, be, and they are hereby, DISMISSED; that Defendant's Motion for Leave to File Amended Answer and Counterclaim be, and it is hereby, DENIED; and that Defendant's Motion for Partial Summary Judgment be, and it is hereby, DISMISSED. Plaintiff is ORDERED to pay Defendant the reasonable costs incurred by Defendant in preparing the opposition to Plaintiff's Motion to Dismiss.

SO ORDERED.

■

---

**4.** Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independant adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

**5.** After the deadline for filing all motions had passed, Defendant filed a motion for partial summary judgment as to Count I of Plaintiff's complaint. The Court will dismiss the motion as it was not timely filed, and thus Defendant's motion for partial summary judgment is not an impediment to voluntary dismissal of Count I pursuant to Fed.R.Civ.P. 41(a).

Because the parties had adequate opportunity to be heard on the motion to dismiss and have thoroughly briefed the motion, and because the Court is familiar with the relevant issues and no party has requested a hearing on the motion to dismiss, the Court finds that a hearing is unnecessary to resolve the motion. *See Puerto Rico Maritime Shipping Authority,* 668 F.2d at 51–52.