45 F.3d 444
 35 U.S.P.Q.2d 1153
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SHATTERPROOF GLASS CORPORATION, Plaintiff-Appellant,
v.
PPG INDUSTRIES, INC., Defendant-Appellee.
 No. 94-1284.
 United States Court of Appeals, Federal Circuit.
 Jan. 6, 1995.
Rehearing Denied; Suggestion for Reheaing In Banc
Declined Feb. 14, 1995.
 
 Before PLAGER, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Shatterproof Glass Corporation appeals the judgment of the United States District Court for the Eastern District of Michigan, finding the case exceptional, awarding reasonable attorney fees to PPG Industries, Inc., and denying Shatterproof's motion for reconsideration of the court's grant of PPG's respective motions for summary judgment of noninfringement and for partial summary judgment of Shatterproof's lack of standing, or alternatively, PPG's immunity from suit as a patent licensee. Shatterproof Glass Corp. v. PPG Indus., Inc., No. 88-CV-73312-DT (E.D.Mich. Mar. 28, 1994) (unpublished). We affirm-in-part, reverse-in-part, vacate-in-part and remand.
 
 
 2
 * U.S. Patent No. 3,826,728, entitled "Transparent Article Having Reduced Solar Radiation Transmittance and Method of Making the Same" issued on July 30, 1974, naming Shatterproof as the assignee. The claimed invention concerned commercial building window glass sputter-coated so as to minimize the sunlight's heat while avoiding a significant reduction in the incoming visible light.* The '728 patent has been the subject of several lawsuits and reexaminations.
 
 
 3
 Since 1988, Shatterproof has been in bankruptcy. The liquidation of its assets included the transfer of interests in several Shatterproof patents. On February 1, 1988, the bankruptcy court authorized the purchase by The BOC Group, plc, of Shatterproof's patent portfolio, including the '728 patent, pursuant to an agreement (the Transfer Agreement) previously negotiated between Glasstech, Inc., and Shatterproof. Article III, p 3.2, of the Transfer Agreement set forth that
 
 
 4
 SHATTERPROOF specifically retains the right to sue PPG of Pittsburgh, Pennsylvania for past and future infringement of U.S. Patent 3,826,728 and the reexamination certificate thereof.
 
 
 5
 On August 10, 1988, Shatterproof filed suit against PPG, alleging infringement of the '728 patent. On May 18, 1993, PPG moved for partial summary judgment that Shatterproof lacked standing to seek damages for infringement after February 1, 1988 on the alternative grounds that the Transfer Agreement either assigned all rights in the '728 patent to BOC or granted PPG a license under the '728 patent. On June 23, 1993, PPG moved for summary judgment of noninfringement. The district court granted PPG's respective motions. Shatterproof Glass Corp. v. PPG Indus., Inc., No. 88-CV-73312-DT (E.D.Mich. Oct. 13, 1993) (order). The district court held that the accused PPG products all have an intermediate oxide layer as well as a metal film thickness of less than 200 Angstroms, that PPG's Solarban 560 products have an iron-base metal film that does not produce the transmission characteristics of the claimed nickel and nickel-base alloy metal films, and that PPG's sputtering method used completely different inert gas pressure conditions than those claimed in the '728 patent.
 
 
 6
 On October 28, 1993, PPG moved to amend and supplement the order to find the case exceptional under 35 U.S.C. Sec. 285 (1988) and to award reasonable attorney fees. PPG argued that Shatterproof was grossly negligent in bringing suit without conducting an investigation sufficient to ascertain whether a reasonable infringement claim could be made. In addition, PPG contended that Shatterproof should have known that because of the Transfer Agreement it lacked standing to pursue claims against PPG for infringement after February 1, 1988. PPG lastly alleged that Shatterproof committed inequitable conduct during prosecution of the '728 patent application by failing to disclose material prior art. The district court based its exceptional case finding on alternative grounds, namely Shatterproof's gross negligence in bringing suit and inequitable conduct. The court thereafter granted PPG's request for attorney fees, providing additionally for the recovery of expert and accounting fees.
 
 II
 
 7
 Shatterproof's principal contention on appeal is that the district court erred in finding the case exceptional under Sec. 285. Such a finding requires clear and convincing evidence of actual wrongful intent or gross negligence. Advance Transformer Co. v. Levinson, 837 F.2d 1081, 1085, 5 USPQ2d 1600, 1603 (Fed.Cir.1988). This court reviews a district court's factual determination of an exceptional case under the clearly erroneous standard. Amsted Indus., Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 184, 30 USPQ2d 1462, 1467 (Fed.Cir.1994). Because the district court based its exceptional case determination on alternative grounds, we consider each in turn.
 
 
 8
 * The first independent basis for the district court's exceptional case finding was that Shatterproof was grossly negligent and inferentially acting in bad faith in bringing suit. The district court's conclusion is of course predicated upon the correctness of its determinations on summary judgment regarding infringement. This court reviews de novo a district court's entry of summary judgment. Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994).
 
 
 9
 Looking to the prosecution history, the district court construed the claim language "sputter-coated film on said continuous glass sheet" to require the absence of an oxide layer between the metal film and the glass surface. The court accordingly found noninfringement based, inter alia, on its determination that the accused PPG products all contained an intermediate oxide layer. We disagree with the district court's claim interpretation. The prosecution history shows that the claimed invention was distinguished from the relevant prior art on the basis that the claimed invention involves the deposition of a metal film directly onto the glass surface, whereas the prior art teaches the deposition of a metal film only after a distinct adhesive film is first applied intentionally to the glass surface. The '728 patent claims contain no limitation that the interface between the metal film and the glass sheet be devoid of unintended intermediate material, oxide or otherwise. The presence of an intermediate oxide layer in the PPG products thus does not alone render the accused devices noninfringing.
 
 
 10
 The district court also held that the PPG products did not infringe because the accused devices did not meet the claimed metal film thickness limitation. Shatterproof, however, submitted data showing that PPG's
 
 
 11
 560-8 product contained a metal film thickness of 300 Angstroms within a 30% to 50% margin of error. While true that such a margin of error might mean that the actual metal film thickness of the 560-8 product is outside the claimed 200 to 400 Angstrom limitation, the district court was required to view the evidence in the light most favorable to Shatterproof and to draw all reasonable inferences in its favor. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [the record] must be viewed in the light most favorable to the party opposing the motion."). We therefore hold that in view of Shatterproof's evidence to the contrary, the district court improperly determined on a motion for summary judgment that the PPG products all had metal film thickness of less than 200 Angstroms.
 
 
 12
 In addition, the district court held that PPG's Solarban 560 products did not infringe because they contain an iron-base metal film that does not produce the transmission characteristics of the claimed nickel and nickel-base alloy metal films. In reaching its conclusion, the district court construed "nickel-base alloys" in the claims to include only those alloys in which nickel is the largest constituent. This construction, however, is clearly inconsistent with the phrase as used in the specification, which sets forth a preferred nickel-base alloy composition wherein nickel might not be the largest constituent. In addition, in view of Shatterproof's evidence to the contrary, the district court further erred in determining on a motion for summary judgment that the "said coated glass sheet" of the accused 560 products did not produce the transmission characteristics of the claimed nickel and nickel-base alloy metal films. See id.
 
 
 13
 The district court further held that the accused products did not infringe the method claims of the '728 patent because PPG's sputtering method used an inert gas pressure of 2 to 3 microns, whereas the claimed method used a pressure of 20 to 50 microns. Shatterproof concedes that the PPG's products do not infringe literally. Shatterproof instead challenges the court's holding that PPG's products cannot infringe under the doctrine of equivalents because prosecution history estoppel bars Shatterproof as a matter of law from obtaining the range of equivalence it seeks. The prosecution history shows that the originally claimed inert gas pressure range was narrowed after rejection from "5 to 50 microns" to "20 to 50 microns." We thus agree with the district court that Shatterproof is estopped from now asserting a range of equivalence to encompass products made by PPG's methods.
 
 
 14
 The district court also considered Shatterproof grossly negligent in bringing suit for infringement damages after February 1, 1988. We agree with the district court's conclusion that Shatterproof lacked standing to seek damages for infringement after February 1, 1988 because the Transfer Agreement either assigned all rights in the '728 patent to BOC or granted PPG a license under the '728 patent. We disagree, however, with the court's finding that Shatterproof was thus grossly negligent in pursuing such claims based on legal arguments contrary to the court's ultimate conclusion. Cf. Refac Int'l, Ltd. v. IBM, 798 F.2d 459, 460, 230 USPQ 537, 537-38 (Fed.Cir.1986) (vacating award of attorney fees because the appellant's argument could "be said to fall just within the ragged edge of the penumbra surrounding legitimate advocacy"). Because we conclude that the district court improperly resolved on summary judgment infringement issues regarding the product claims of the '728 patent, we hold that the district court clearly erred in finding that Shatterproof was grossly negligent in proceeding with this action based on the court's underlying determination that when it filed its complaint Shatterproof knew that PPG's accused products did not infringe.
 
 B
 
 15
 The other basis for the district court's exceptional case finding was that Shatterproof committed inequitable conduct during prosecution of the '728 patent application. The district court's conclusion is predicated upon the correctness of its apparent summary determination that Shatterproof failed to disclose material prior art, and that its failure demonstrated an intent to deceive or mislead the Patent and Trademark Office (PTO). We hold that in view of Shatterproof's evidence to the contrary, the district court improperly summarily determined that U.S. Patent Nos. 2,628,927 and 2,676,117 and British Patent No. 682,264, all issued to William Colbert et al., were material to the prosecution of the '728 patent. Even assuming, arguendo, that the Colbert patents were material, the district court again improperly summarily determined that Shatterproof intended to deceive or mislead the PTO based on the inferential evidence that during reexamination Shatterproof disclosed the Colbert patents without highlighting their significance. See KangaROOS U.S.A., Inc. v. Caldor, Inc., 778 F.2d 1571, 1577, 228 USPQ 32, 35-36 (Fed.Cir.1985) ("Although the intent element of fraud or inequitable conduct may be proven by a showing of acts the natural consequences of which were presumably intended by the actor, this requires the factfinder to evaluate all the facts and circumstances in each case. Such an evaluation is rarely enabled in summary proceedings." (citation omitted)).
 
 III
 
 16
 For the reasons set forth, we affirm the district court's entry of summary judgment of noninfringement with respect to the method claims of the '728 patent, but vacate the judgment with respect to the product claims and remand those issues for trial. In addition, we affirm the district court's grant of PPG's motion for partial summary judgment that Shatterproof lacked standing to seek damages for infringement after February 1, 1988. We further vacate the district court's judgment that Shatterproof committed inequitable conduct regarding the '728 patent and remand those issues for trial. Accordingly, we reverse the district court's exceptional case finding.
 
 COSTS
 
 17
 Each party shall bear its own costs for this appeal.
 
 
 
 *
 Claim 1 of the '728 patent reads:
 
 
 A
 transparent article having reduced solar radiation transmittance and reduced glare, which comprises:
 (a) a transparent glass sheet for use as a window pane and the like having a smooth continuous surface, and
 (b) a continuous sputter-coated film on said continuous glass sheet to a thickness of from 200 to 400 [Angstroms], said film being a metal selected from the group consisting of nickel and nickel-base alloys;
 (c) said coated glass sheet having a substantially uniform transmittance over the range of 0.75 to 2.0 microns at a level relatively lower than the level of transmittance in the visible range and the transmittance also being substantially uniform in the visible range of 0.4 to 0.75 microns resulting in excellent color fidelity and natural visibility therethrough substantially free from distortion.