# United States Court of Appeals for the Federal Circuit

_____

**IRIS CORPORATION,**
*Plaintiff-Appellant,*

**v.**

**JAPAN AIRLINES CORPORATION,**
*Defendant,*

AND

**JAPAN AIRLINES INTERNATIONAL COMPANY, LTD.,**
*Defendant-Appellee.*

_____

2010-1051

_____

Appeal from the United States District Court for the Eastern District of New York in No. 06-CV-6336, Chief Judge Carol Bagley Amon.

_____

Decided: October 21, 2014

_____

STEPHEN N. WEISS, Law Office of Stephen Norman Weiss, of New York, New York, argued for plaintiff-appellant. Of counsel on the brief was EDMUND J. FERDINAND, III, Ferdinand IP, LLC, of Westport, Connecticut.

CHARLES F. SCHILL, Steptoe & Johnson LLP, of Washington, DC, argued for defendant-appellee. With him on the brief were WILLIAM KARAS, CAROL GOSAIN, PAUL D. LALL, and STEPHANIE L. ROBERTS.

DANA KAERSVANG, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, argued for amicus curiae United States. With her on the brief were STUART F. DELERY, Assistant Attorney General, and SCOTT R. MCINTOSH, Attorney.

DAN L. BAGATELL, Perkins Coie LLP, of Phoenix, Arizona, for amicus curiae Airlines for America.

———————————

Before PROST, *Chief Judge,* NEWMAN and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

IRIS Corporation brought suit in district court, alleging that Japan Airlines Corporation committed patent infringement by examining the electronic passports of its passengers within the United States. Because the allegedly infringing acts were carried out "for the United States" under 28 U.S.C. § 1498(a), we affirm the district court's decision to dismiss IRIS's complaint.

I

IRIS owns U.S. Patent No. 6,111,506 (the '506 patent), titled "Method of Making an Improved Security Identification Document Including Contactless Communication Insert Unit." The '506 patent discloses methods for making a secure identification document containing an embedded computer chip that stores biographical or biometric data. '506 patent col. 20 ll. 11–64.

Japan Airlines Corporation (JAL) examines passports according to federal law, including the Enhanced Border

Security Act, 8 U.S.C. § 1221 *et seq.*, the Visa Entry Reform Act of 2002, 19 C.F.R. § 122.75a(d), and certain international treaties.  According to IRIS, some of these passports are made using the methods claimed in the '506 patent.

IRIS sued JAL for patent infringement in the Eastern District of New York, alleging that JAL infringed the '506 patent under 35 U.S.C. § 271(g) by "using . . . electronic passports in the processing and/or boarding of passengers . . . at . . . JAL services passenger check-in facilities throughout the United States."  J.A. 74.  JAL moved to dismiss IRIS's suit for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6). Among other things, JAL argued that federal laws requiring the examination of passports conflict with the patent laws and therefore exempt JAL from infringement liability.  It also argued that IRIS's exclusive remedy is an action against the United States under 28 U.S.C. § 1498(a).

The district court granted JAL's motion to dismiss, adopting only JAL's conflict-of-laws rationale.  IRIS appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

II

We review dismissal for failure to state a claim upon which relief can be granted under the law of the regional circuit.  *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011).  In this case, we apply Second Circuit law and review the district court's judgment de novo.  *See Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007).

The parties ask us to decide, among other things, whether the United States has assumed liability under 28

U.S.C. § 1498(a) for JAL's allegedly infringing activities.[1] The statute states:

> Whenever an invention described in and covered by a patent of the United States is *used or manufactured by or for the United States . . .* the owner's remedy shall be by action against the United States in the United States Court of Federal Claims . . . .

28 U.S.C. § 1498(a) (2012) (emphasis added). The statute further clarifies that an accused activity is "for the United States" if two requirements are met: (1) it is conducted "for the Government," and (2) it is conducted "with the authorization or consent of the Government." *Id.*; *accord Advanced Software Design Co. v. Fed. Reserve Bank of St. Louis*, 583 F.3d 1371, 1375–76 (Fed. Cir. 2009).

The government's authorization or consent may be either express or implied. *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986). In this case, the government has clearly provided its authorization or consent because—as the parties and the United States agree—JAL cannot comply with its legal obligations without engaging in the allegedly infringing activities. *See* Br. of

---

[1] When the district court ruled on JAL's motion to dismiss, the law strongly suggested that alleged acts of infringement under § 271(g) fell outside the scope of § 1498(a). *See, e.g.*, *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316 (Fed. Cir. 2005); *Zoltek Corp. v. United States*, 51 Fed. Cl. 829, 838 (2002). Relying on those suggestions, the district court concluded that § 1498(a) did not apply in this case. We have subsequently ruled, however, that § 1498(a) does encompass alleged acts of infringement under § 271(g). *Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) (en banc).

United States at 13; Br. of Appellant at 24–26; Br. of Appellee at 4–5. Under such circumstances, the government has expressly authorized or consented to those activities. *See, e.g.*, *Sevenson Envtl. Servs., Inc. v. Shaw Envtl., Inc.*, 477 F.3d 1361, 1366–67 (Fed. Cir. 2007).

But, standing alone, a governmental grant of authorization or consent does not mean that the alleged use or manufacture is done "for the United States" under § 1498(a). To qualify, the alleged use or manufacture must also be done "for the benefit of the government." *Advanced Software*, 583 F.3d at 1378; *see also Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 607 (M.D.N.C. 2006) ("A use is 'for the Government' if it is 'in furtherance and fulfillment of a stated Government policy' which serves the Government's interests and which is 'for the Government's benefit.'" (quoting *Riles v. Amerada Hess Corp.*, 999 F. Supp. 938, 940 (S.D. Tex. 1998))). "[I]ncidental benefit to the government is insufficient," but "[i]t is not necessary [for the Government] to be the sole beneficiary . . . ." *Advanced Software*, 583 F.3d at 1378.

In *Advanced Software*, for example, the United States Treasury required privately owned and operated Federal Reserve Banks to use a certain "seal encoding" system to identify fraudulent bank checks. *Id.* at 1373. The plaintiff then sued three Federal Reserve Banks and the company that supplied their fraud detection technologies, alleging that use of the mandatory seal encoding system constituted infringement of its patented methods. *Id.* We determined that the government benefitted from averting fraud in Treasury checks and in saving Treasury resources through more efficient technology.

Similarly, the government benefits here because JAL's examination of passports improves the detection of fraudulent passports and reduces demands on government resources. This, in turn, directly enhances border security and improves the government's ability to monitor

the flow of people into and out of the country. When the government requires private parties to perform quasi-governmental functions, such as this one, there can be no question that those actions are undertaken "for the benefit of the government." *See* Oral Argument at 16:52–17:26, *IRIS Corp. v. Japan Airlines Corp.*, No. 2010-1051 (Fed. Cir. Sept. 8, 2014), *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 10-1051.mp3 (Counsel for the United States as amicus curiae: "If [JAL] weren't doing this, [the government] would have to do it. We have to know who is going in and out of our country. . . . So this is a uniquely governmental function that we're talking about here.").

We also note that the United States has unequivocally stated its position that suit under § 1498(a) is appropriate here. *Id.* at 14:52–15:37 ("We do submit that here 1498(a) *is* the exclusive remedy. This is use 'for the Government.' . . . We do think that suit under 1498(a) is appropriate."). Although the government's statement is not dispositive, it reinforces our conclusion that the United States has waived sovereign immunity in this case and, therefore, that IRIS's exclusive remedy is suit for recovery against the United States under § 1498(a). *See Advanced Software*, 583 F.3d at 1377–78.

## III

Accordingly, because JAL's allegedly infringing acts are carried out "for the United States" under 28 U.S.C. § 1498(a), we affirm the district court's decision to dismiss IRIS's suit.[2]

**AFFIRMED**

---

[2] Because we affirm the district court's dismissal on the basis of § 1498(a) alone, we do not address any of the alternative grounds for affirmance proposed by JAL or the district court's discussion of those issues.

No costs.