Leonard R. KAHN, Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant–Appellee.

No. 89–1325.

United States Court of Appeals,
Federal Circuit.

Nov. 17, 1989.

Leonard R. Kahn, New York City, pro se.

James S. Renard, Bickel & Brewer, Chicago, Ill., argued for defendant-appellee. With him on the brief was Robert P. Cummins.

Before NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Leonard R. Kahn appeals the order of the United States District Court for the Southern District of New York,[1] granting General Motors' motion to stay the action before it, in favor of an action subsequently filed against Kahn and Hazeltine Research Inc. by Motorola, Inc. in the United States District Court for the Northern District of Illinois. We vacate the stay and remand for further proceedings.

*Background*

Leonard R. Kahn is the inventor of United States Patent No. 4,018,994 ("the '994 patent"). The action here appealed (called "the New York action") was commenced by Mr. Kahn on April 29, 1988. He charged General Motors with infringement of claims 53 and 54 of the '994 patent based on General Motors' manufacture and sale of certain AM stereo receivers, and by amended complaint he also charged General Motors with certain tortious conduct in respect of Kahn's AM stereo broadcast transmission system. Kahn sought a preliminary and final injunction and damages.

On May 27, 1988 Motorola filed a declaratory judgment action in Illinois ("the Illinois action") against Kahn and Hazeltine Research, Kahn's licensee, seeking judgment that the '994 patent is invalid, unenforceable, and not infringed by Motorola or by AM stereo receiver manufacturers, such as General Motors, that incorporate certain integrated circuits into their AM stereo receivers.

On June 10, 1988, at General Motors' request, the district court in the New York action issued an Order to Show Cause why the New York action should not be stayed pending final determination of the Illinois

---

1. *Kahn v. General Motors Corp.,* 707 F.Supp. 683 (S.D.N.Y.1989).

action.[2] At a hearing on August 12, 1988 Kahn was enjoined from conducting discovery in the New York action, as to either the patent infringement or the state tort claims.

The New York action was ordered stayed in all respects, the New York court holding that this was merely a "customer suit" against General Motors; that all issues would be settled in the litigation with Motorola in Illinois, as to all potential and actual infringers; and that the balance of convenience did not bar the stay.

## I

General Motors raises the threshold question of whether the district court's stay of the New York action is a final decision or otherwise an appealable order.

In *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952), the Supreme Court discussed the principle of choice of federal forum, in a case analogous to that at bar in that a declaratory judgment action was brought in a different forum by the manufacturer, after the patentee had sued a customer for infringement. The Court, while endorsing the discretionary authority of trial courts to determine the applicability of exceptions to the general rules governing choice of forum, remarked that such authority is subject to "corrective review". *Id.* at 185, 72 S.Ct. at 222. The Court stated:

> The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart.

*Id.*

Kahn argues that the district court, by staying the New York action for a prolonged and indefinite period, not only denied his request for a preliminary injunction against General Motors, but barred

prosecution of his tortious conduct claims until, at best, completion of the Illinois action. He asserts irreparable harm, based on the demise of his business, and invokes the safeguard of 28 U.S.C. § 1292(a). *See Gulfstream Aerospace Corp. v. Mayacamas*, 485 U.S. 271, 108 S.Ct. 1133, 1142–43, 99 L.Ed.2d 296 (1988) (section 1292(a) applies to orders that grant or deny injunctions or have the practical effect of granting or denying injunctions). Alternatively, he argues that the effect of the stay order is that of a final decision on the merits, and appealable under 28 U.S.C. §§ 1291 and 1295.

We test the circumstances at bar against the criteria set forth in *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1980), requiring that an interlocutory order (in that case refusal to enter a proposed consent decree) have " 'serious, perhaps irreparable, consequence' ", and not be " 'effectually challenged' " other than by immediate appeal. *Id.*, (quoting *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)); *Woodard v. Sage*, 818 F.2d 841, 848–49, 2 USPQ2d 1649, 1654 (Fed.Cir.1987) (in banc). In *Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*, 839 F.2d 69, 73 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 2872, 101 L.Ed.2d 908 (1988), the court, applying *Carson*, held that an order dismissing certain antitrust counts was immediately appealable, for it had the practical effect of denying injunctive relief as to these counts, and delaying litigation of these counts until conclusion of potentially lengthy litigation on other matters would cause irreparable harm. The facts in *Volvo* track those herein, in that the stay of prosecution of Kahn's commercial tort claims until resolution of the Illinois action has the effect of denial of injunctive relief as to these claims, and leaves him without remedy. Kahn states that by the time the Illinois action is over his business will be dead. This serious, perhaps irreparable consequence, together

---

2. Kahn asserts that this Order was issued without prior notice or a "special cause" finding justifying the urgency of issuing an Order to Show Cause without notice, as required by local rule. In view of our disposition we do not consider this asserted procedural lapse.

with the inapplicability of the "customer suit exception" in this case (as will be discussed), and the effective denial of the possibility of either preliminary or final injunctive relief against General Motors as to the patent claims of which infringement is charged (as will be discussed), require interlocutory review of the stay order.

Decrees staying an action based on an erroneously applied customer suit exception to the rules disfavoring stays have, without more, uniformly received interlocutory review. *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 177–78, 160 USPQ 513, 513 (2d Cir.1969), was an interlocutory appeal of an order enjoining prosecution of a first-filed suit against Woolworth Company pending resolution of a second-filed declaratory action brought by Gluckin, the manufacturer of the allegedly infringing goods. Similarly, *Mattel, Inc., v. Louis Marx & Co.*, 353 F.2d 421, 422, 147 USPQ 506, 507 (2d Cir.1965), *cert. dismissed*, 384 U.S. 948, 149 USPQ 906, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966), was an interlocutory appeal of an order restraining prosecution of a first-filed declaratory action relating to patent and trademark infringement pending resolution of a second-filed action.[3] There is no functional distinction between a stay of the first-filed suit and an injunction against prosecution of the first-filed suit.

Recognition must be given to the strong public policy favoring expeditious resolution of litigation. The case before us is not a matter of an "order by a federal court that relates only to the conduct or progress of litigation before that court", ordinarily not having the effect of an injunction and therefore not appealable under § 1292(a)(1). *Gulfstream*, 108 S.Ct. at 1138; *see Switzerland Cheese Ass'n. v. E. Horne's Mkt.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966). To the contrary: litigation that has been stayed for a prolonged or uncertain period is not litigation in progress before the court.

Kahn's claims against General Motors involving allegedly tortious conduct concerning Kahn's AM stereo broadcast transmission system are not based on the '994 patent. The Illinois case, brought by Motorola, includes no jurisdiction over General Motors. The potential lengthy and indefinite stay of these claims pending resolution of an entirely different issue involving different parties will deprive these claims of practical remedy. It is the duty of courts to avoid unnecessary delay in resolving the rights of litigants. "[A]n order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done." *Landis v. North Am. Co.*, 299 U.S. 248, 257, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936).

We conclude that the district court's final Order staying the litigation before it is an appealable order.

## II

■ General Motors argues that even if the stay order is appealable, the New York district court acted within its discretionary authority in staying the proceeding before it, pending the outcome of Motorola's Illinois action. Kahn responds that his primary right to choose the forum, the balance of hardship, and the court's erroneous belief that the Illinois court would resolve his disputes with General Motors, show that the New York court did indeed abuse its discretion.

Kahn states that Motorola is not infringing the '994 patents; that the Illinois suit can not resolve his claims of patent infringement against General Motors; that in all events it will not resolve his state tort claims against General Motors; that even if Kahn were to prevail in Illinois, that court can not provide relief because General Motors is not a party in Illinois; and that irreparable harm will result if he is delayed indefinitely in resolving his claims against General Motors.

---

**3.** In matters of jurisdictional consequence this court takes guidance from interpretations of the regional circuit in which the cause arose.

## The General Rule

The general rule, and the rule in the Second Circuit, is that "as a principle of sound judicial administration, the first suit should have priority," absent special circumstances. *Gluckin,* 407 F.2d at 178, 160 USPQ at 513–14; *Joseph Bancroft & Sons Co. v. Spunize Co. of Am.,* 268 F.2d 522, 524, 122 USPQ 110, 112 (2d Cir.1959) ("The law seems clear that where two suits are filed in different forums, the first has priority"); *Remington Prod. Corp. v. American Aerovap, Inc.,* 192 F.2d 872, 873, 91 USPQ 312, 313 (2d Cir.1951). Restraint of the first-filed suit is made only to prevent wrong or injustice, applying the general requirement that "the same parties as well as the same issues are involved in the two actions". *Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, Inc.,* 91 F.Supp. 106, 107 (S.D.N.Y.1950) *(quoted in Bancroft,* 268 F.2d at 524, 122 USPQ at 112).

In *Gluckin,* 407 F.2d at 178, 160 USPQ at 514, the court referred to two situations that may justify a departure from the first-filed rule of priority. The first is the "customer action", where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods. The second situation is where forum shopping alone motivated the choice of sites for the first suit; there is no assertion that Kahn has engaged in forum shopping.

## The Customer Suit Exception

The customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse. *See Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 737–38, 194 USPQ 49, 50 (1st Cir.), *cert. denied,* 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977) (preference for a manufacturer's declaratory judgment action because the manufacturer is the true defendant).

Kahn asserts that the district court erred in identifying Motorola as the manufacturer and General Motors as a simple customer, and that the court's reference to Motorola as "the real party in interest" based on its "technology" showed misunderstanding of the '994 patent and its claims.

Patent claims 53 and 54, the only claims at issue in the New York action, are directed to AM stereo receivers. Motorola denies that its technology infringes these claims, or any claims in the '994 patent. Motorola is not a manufacturer, user, or seller of such receivers. Whether Motorola's "technology" is used in the AM stereo receivers manufactured and sold by General Motors is pertinent only if Motorola would be liable, under law, for infringement. Motorola's position, with which Kahn agrees, is that it would not. The labeling of a party as an infringer, or as a mere producer of unpatented "technology", is not a "semantic game" as General Motors describes it. *See Ciba–Geigy Corp. v. Minnesota Mining and Mfg. Co.,* 439 F.Supp. 625, 631, 196 USPQ 548, 550, 553–54 (D.R.I.1977) (mere sale of components of a patented combination is not infringement; discussing 35 U.S.C. § 271(c) for venue purposes).

The district court held that General Motors was simply a customer of Motorola, and that the customer suit exception applies. However, in those cases in which a customer suit exception has been held to favor the forum of the second-filed action, the second action would resolve all charges against the customers in the stayed suit, including liability for damages. Such undertaking is absent in the case at bar. Were Kahn to prevail against Motorola on the issues raised in Illinois, he would still have to relitigate the question of infringement against General Motors, and perhaps also of validity. And as we have remarked, the Illinois action can not dispose of the tortious conduct claims against General Motors.

Kahn correctly asserts that his damages against General Motors can not be assessed in the Illinois court, not only because General Motors is not a party, but because the measure of General Motors' obligation for damages and Motorola's (if any) involve different parameters. These

issues, not discussed by the New York court, involve both judicial economy and litigants' economy, as well as the entitlement of litigants to resolution of their claims.

Decisions staying a "customer action" in favor of a subsequent suit brought by the manufacturer show controlling differences from the case at bar. In *Gluckin*, 407 F.2d at 178, 160 USPQ at 513, Woolworth was a mere reseller of the products manufactured by Gluckin; the action was stayed in favor of an action on the identical issues brought by Gluckin. *Accord, Codex*, 553 F.2d at 737, 194 USPQ at 50 (staying suit against a mere customer, who had no part in the manufacture of the accused infringing equipment); *Rhode Gear U.S.A. v. Frank's Spoke N. Wheel, Inc.*, 225 USPQ 1256, 1258 (D.C.Mass.1985) (staying suit against a bicycle shop that was mere retailer of the accused infringing bikes); *Ciba–Geigy*, 439 F.Supp. at 631, 196 USPQ at 554 (transferring second-filed action to first-filed forum where all parties subject to process).

General Motors relies on *Refac Int'l v. IBM*, 790 F.2d 79, 229 USPQ 712 (Fed.Cir.), *modified on rehearing*, 798 F.2d 459, 230 USPQ 537 (Fed.Cir.1986). In *Refac* the district court had separated for trial the 31 "customer" defendants from the 6 "manufacturer" defendants, all of whom were parties to the suit as filed, and stayed proceedings as to the customer defendants, while trial proceeded in the same court against the manufacturers. All of the separated customer defendants agreed to be bound by any injunction issued in the case. *Id.* at 81, 229 USPQ at 713. These are controlling distinctions, for even if General Motors were a mere customer of Motorola, General Motors has not agreed to be bound by the Illinois decision or any injunction against Motorola. See also *Gluckin*, 407 F.2d at 180, 160 USPQ at 515, wherein the customer consented to join and be bound by the manufacturer's action.

The district court stated that General Motors' manufacture of the completed receiver would make it, at most, a "guilty" customer rather than a manufacturer. *Kahn*, 707 F.Supp. at 687. Intent neither supports nor defeats the application of the customer suit exception.

The New York district court stated that the Illinois court could enjoin Motorola from manufacturing its integrated circuits and therefore that Motorola could not pass this technology to its customers. This presupposes that there is no other source of the circuits, a supposition disputed by Kahn, and also that Motorola's "technology" could be an infringement of claims 53 and 54—although both Motorola and Kahn maintain that it can not. The remedy of damages and an injunction against General Motors is not available, since General Motors is not a party in Illinois. It is clear that whatever the outcome involving Motorola, the New York litigation against General Motors would not be resolved.

We conclude that the district court erred in holding that the Illinois action would "be an adequate vehicle for the complete and prompt resolution of the issues between the parties," as required by *Gulfstream*, 108 S.Ct. at 1137 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983)).

### Other Factors

In accordance with *Kerotest*, Motorola as a declaratory plaintiff can not move the suit to its choice of forum in order to litigate the same issues that were the basis of Kahn's complaint in New York, unless Motorola were able to establish sufficient reason for rejection of Kahn's choice of forum. Absence of entitlement of General Motors to the customer suit exception, the factors of the balance of convenience and the presumptive right of the first litigant to choose the forum weigh heavily in Kahn's favor.

Although the balancing of conveniences is in the sound discretion of the district court, *Kerotest*, 342 U.S. at 183–84, 72 S.Ct. at 221, *Gluckin*, 407 F.2d at 178, 160 USPQ at 514, the balance is reached in light of the general rule favoring choice of forum, and the harm caused by delay in resolving stayed issues. "We believe it to be a sound rule that the issues should be

tried in the district where suit is first brought unless there are other factors of substance which support the exercise of the court's discretion that the balance of convenience is in favor of proceeding first in another district." *Mattel*, 353 F.2d at 424, 147 USPQ at 508. The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

General Motors expressed no view as to its own convenience, for it is not a party in Illinois. Motorola's asserted convenience is not sufficient reason to invoke the court's discretionary power to stay the first-filed action. *Bancroft*, 268 F.2d at 524, 122 USPQ at 112. A "transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." *Weight Watchers Int'l v. The Stouffer Corp.*, 11 USPQ2d 1544, 1546, 1989 WL 73292 (S.D.N.Y.1989) (quoting *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1060 (S.D.N.Y.1987)).

There is no reason to shift to Kahn any inconvenience to Motorola, who was not a party to the suit against General Motors.

No sufficient showing was made that the balance of convenience or any other factor favors stay of the New York action in favor of the Illinois action. Precedent shows the general disfavor with which stays are viewed. In *Landis* the Supreme Court stated that abuse of discretion resides in any "stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

### Conclusion

We conclude that the district court exceeded its discretionary authority in granting the stay. The stay is vacated, and the case is remanded to the district court for proceedings on the merits.[4]

### Costs

Costs in favor of Mr. Kahn.

**VACATED AND REMANDED**

---

**4.** We take note that on October 23, 1989, the District Court for the Northern District of Illinois dismissed Motorola's suit. We have considered whether the case before us is mooted by this action, and have concluded that such determination can not be made at this stage because of uncertainty as to the status of any possible appeal in Illinois, and in the interest of expeditious reopening of the New York action, in view of Kahn's assertions that he is prejudiced by delay.