**WHELEN TECHNOLOGIES, INC.**

v.

**MILL SPECIALTIES, INC.**

No. 89 C 7254.

United States District Court,
N.D. Illinois.

May 4, 1990.

Robert V. Jambor, Edward M. Keating, Kinzer, Plyer, Dorn, McEachran & Jambor, Chicago, Ill., Guy D. Yale, Roger A. Van Kirk, Chilton, Alix & Van Kirk, Hartford, Conn., for plaintiff.

Anthony S. Zummer, Francois N. Palmatier, Burmeister York Palmatier & Zummer, Chicago, Ill., for defendant.

LEINENWEBER, District Judge.

Plaintiff Whelen Technologies, Inc. filed this action against defendant Mill Specialties, Inc. for patent infringement based on defendant's sale of certain light systems manufactured by a company named Tomar Electronics. Defendant is a sales firm which buys and sells light systems. Following the institution of this action, Tomar Electronics filed actions for declaratory judgment and unfair competition against plaintiff in the U.S. District Court for the District of Arizona seeking to have the subject patents declared valid and not infringed. Defendant now moves to stay the proceedings in this Court pending a final decision in Arizona. Defendant argues that this case falls under the "customer suit" exception to the general rule that suits which are filed first should proceed first. For the following reasons, defendant's motion is granted.

Ordinarily, the suit filed first is accorded priority in adjudication. *See Gluckin Co. v. Internat'l Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969). However, a court has the discretion to stay a proceeding in the interest of judicial economy. *Landis et al. v. North American Company,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In patent infringement actions, stays are appropriate where the first action is brought against the customer of an offending manufacturer and a subsequent action is brought involving the manufacturer itself. *Gluckin,* at 178. This so-called 'customer suit' exception "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement." *Kahn v. General Motors Corporation,* 889 F.2d 1078, 1081 (Fed.Cir.1989) (citations omitted). Stays are warranted where "the second action would resolve all charges against the customers in the stayed suit, including liability for damages." *Id.*

In *Kahn v. General Motors Corporation,* the inventor and patent-holder of certain AM stereo receiver components sued General Motors in New York for using these components in assembling car stereo systems. Motorola, the manufacturer of the "technology" going into these components, filed a declaratory judgment action in Illinois seeking the court to determine whether it had violated plaintiff's patent rights. The District Court in New York thereafter stayed the action, concluding that plaintiff's case against General Motors was merely a customer suit. The Second Circuit reversed, holding that the vital factor in the customer suit exception—whether resolution of the second suit would eliminate all issues in the first—was not satisfied. Specifically, it relied on the fact that there were certain tort claims pending against General Motors in New York and that a finding of no liability against Motorola would not necessarily excuse General Motors from liability. *Kahn,* 889 F.2d at 1081–82.

It is clear that this determinative factor is not present here. Plaintiff's action is premised on the allegation that the electronics sold by defendant were manufactured in violation of plaintiff's patent rights. Defendant was merely the re-seller of the goods initially produced by Tomar Electronics, and a resolution in favor of Tomar in Arizona would release defendant of liability here. In other words, this case appears to fit the classic mold of the customer suit exception. *See Gluckin,* 407 F.2d at 178; *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 737 (1st Cir.1977); and *Ciba–Geigy Corp. v. Minnesota Mining and Mfg. Co.,* 439 F.Supp. 625, 631 (D.R.I. 1977). Plaintiff insists that defendant is not " 'simply a reseller of the accused goods' ", but "in fact functions as the sole instrument for the promotion and subsequent sale and use of the allegedly infringing products" in at least thirty-three states. This argument, however, merely distinguishes a major reseller from a minor reseller, which is a distinction without a difference in this context.

Accordingly, defendant's Motion to Stay the proceedings pending a final outcome in the Arizona action is granted.

IT IS SO ORDERED.