914 F.2d 270
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re COMMODITIES EXPORT CO., and Old Republic Insurance Co.
 Misc. No. 278.
 United States Court of Appeals, Federal Circuit.
 July 17, 1990.
 
 Before ARCHER, Circuit Judge, and BENNETT and BALDWIN, Senior Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Commodities Export Co. and Old Republic Insurance Co. (Commodities) petition for writ of mandamus to direct the Court of International Trade to vacate its March 14, 1990 opinion asserting that it has jurisdiction and to stay the proceedings pending resolution of a case before the United States District Court for the Eastern District of Michigan. The United States opposes the petition.
 
 
 2
 The relevant background that follows is taken from the Sixth Circuit decision, Commodities Export Co. v. U.S. Customs, No. 88-2068, slip op. (6th Cir. Oct. 24, 1989). Commodities operates a uniquely situated duty-free shop in Detroit, Michigan. Commodities sued the U.S. Customs Service in 1976 in the Michigan district court over matters concerning the shop. A court order specifying the parties' respective duties resulted. The order was amended in 1985 and the district court has retained jurisdiction over the original dispute.
 
 
 3
 In March 1983, Customs assessed Commodities $6,293.96 on the grounds of inventory shortages and that certain goods were not properly marked. In 1988, Commodities sought to enjoin Customs from enforcement of that assessment and other assessments in the Michigan district court.
 
 
 4
 The Michigan district court held that it lacked jurisdiction over the $6,293 claim and that the Court of International Trade had exclusive jurisdiction over it. Commodities appealed the decision to the Sixth Circuit.
 
 
 5
 On October 24, 1989, the Sixth Circuit issued a detailed and lengthy opinion determining, inter alia, that the district court's analysis of the jurisdictional issue was legally incorrect in one respect and otherwise premature. It remanded the case to the district court for further proceedings and specifically stated that, should the district court determine that the Court of International Trade has jurisdiction, a renewed motion to transfer should be considered. The Sixth Circuit also stated:
 
 
 6
 At oral argument counsel for Customs urged us, if we did not dismiss the appeal altogether, to remand this case to the District Court with an order that it transfer the case to the CIT for determination of the jurisdictional issue. We are unable to do so under the terms of Sec. 1631. That statute permits a district court to transfer a case only after "find[ing] that there is a want of jurisdiction.
 
 
 7
 One year after initiation of the district court suit and while the appeal was still pending before the Sixth Circuit, the United States initiated suit in the Court of International Trade seeking collection of the $6,392.96 in bond liquidated damages. After the Sixth Circuit decision, Commodities moved for a stay of the Court of International Trade proceedings pending completion of the district court proceedings on remand. On March 14, 1990, the Court of International Trade denied Commodities' motion for a stay stating that it had decided the jurisdictional issue.
 
 
 8
 Mandamus is an extraordinary remedy reserved for extraordinary situations. A historical use of the writ has been to confine a court to a lawful exercise of it prescribed jurisdiction. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1143 (1988). In re United States, 877 U.S. 1568, 1571 (Fed.Cir.1989). The party seeking mandamus has the burden of showing that its right to the writ is clear and indisuputable. Id. Here, the question of whether issuance of a writ is appropriate is a difficult one. On balance, however, Commodities has not satisfied the required stringent standard. It has not shown that the Court of International Trade clearly overstepped its authority in determining not to stay its proceeding.*
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Commodities' petition for writ of mandamus is denied.
 
 
 
 *
 Generally, and as a matter of comity, a court which first acquires jurisdiction over a matter is entitled to retain jurisdiction and dispose of the controversy. See Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed.Cir.1989). Here, the matter has gone beyond two courts of concurrent jurisdiction; rather, an appellate court, the Sixth Circuit has ordered the Michigan district court to decide the jurisdictional issue. Moreover, it is possible that the district court may ultimately transfer the case to the Court of International Trade, and thus, conflict may be avoided. We conclude that the better course, by far, would have been for the Court of International Trade to have stayed its proceedings until the district court proceeding is completed