14 F.3d 612
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 CALGENE, INC., Plaintiff-Appellant,
v.
ENZO BIOCHEM, INC., Defendant-Appellee.
 No. 93-1498.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Enzo Biochem, Inc. moves to dismiss Calgene, Inc.'s appeal for lack of jurisdiction and for sanctions for a frivolous appeal. Calgene opposes and moves to expedite the briefing schedule.
 
 
 2
 On February 5, 1993, Calgene sued Enzo in the United States District Court for the Eastern District of California. The complaint included four state law claims and sought a declaratory judgment of invalidity and noninfringement of Enzo's patent and an injunction to prevent Enzo from instituting an infringement action elsewhere. At that point, no patent had issued.
 
 
 3
 On March 2, 1993, the patent issued and Enzo sued Calgene in the United States District Court for the District of Delaware alleging, inter alia, infringement of Enzo's patent. In the Delaware district court, Calgene moved to transfer or stay the Delaware action because the California action was "first filed." Enzo counter-moved to enjoin Calgene from prosecuting the California district court case.
 
 
 4
 On May 18, 1993, the Delaware district court denied Calgene's motion to transfer, denied Enzo's motion to enjoin Calgene from prosecuting the California district court case, and stayed its proceedings to permit the California district court to rule on pending matters. On June 21, 1993, the California district court dismissed the count of Calgene's complaint seeking a declaratory judgment of patent invalidity and noninfringement. The California district court declined to entertain the declaratory judgment count on the ground that the Delaware action was the first properly filed. Thereafter, the Delaware district court lifted its stay.
 
 
 5
 Calgene appealed, seeking review of "the portion of the [California district court's] Order ... dismissing plaintiff's Fifth Cause of Action for Declaratory Judgment." Calgene argues that this court has jurisdiction (1) because the dismissal order "was a complete and irrevocable denial of Calgene's request for an injunction" to prevent Enzo from enforcing its patent elsewhere or (2) because the order is an appealable collateral order pursuant to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).
 
 
 6
 Enzo argues (1) that an order dismissing only one of five claims is not final or appealable, (2) that the order only determined where, not whether, the patent case would be heard, and (3) that the order is not appealable as an order effectively denying injunctive relief and does not fall within other exceptions to the finality requirement.
 
 
 7
 In the California action, no motion to enjoin Enzo was filed and the district court did not deny a motion for an injunction. Rather, the district court dismissed the declaratory judgment count of Calgene's complaint. Clearly, an interlocutory order dismissing one count of a multi-count suit is not immediately appealable. However, to the extent that an interlocutory order has the "practical effect" of refusing an injunction, it may be immediately appealable under 28 U.S.C. Sec. 1292(a)(1) if the order meets the criteria set forth in Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981).*
 
 
 8
 In Woodard v. Sage Products, Inc., 818 F.2d 841, 849 (Fed.Cir.1987) (in banc), we stated that, in order for an interlocutory order to be appealable, Carson requires "(a) that the order be injunctive in nature, (b) that it cause a serious, if not irreparable, consequence, and (c) that the order can be effectually challenged only by immediate appeal." Assuming for the sake of argument that the order is injunctive in nature, we nonetheless conclude that Calgene has not met the additional requirements of Carson. Calgene asserts that it will be irreparably harmed "by loss of its choice of forum and by multiple litigation of the same issues in different forums." Calgene also argues that "trial of the infringement issue will moot this appeal, thus making it otherwise unreviewable."
 
 
 9
 We are not persuaded by Calgene's arguments. This case simply does not involve the same type of injunctive action or irreparable harm as the type contemplated by Carson. Nor are Calgene's cited cases on point. See, e.g., Katz v. Lear Siegler, Inc., 909 F.2d 1459 (Fed.Cir.1990) (explicit grant of an injunction prohibiting suit in another forum is appealable under terms of statute; Carson criteria not discussed); Kahn v. General Motors Corp., 889 F.2d 1078, 1079 (order that stayed first filed suit in New York until Illinois infringement suit was finished was injunctive in nature; irreparable harm would result from delay because the business would likely fold in the interim). Calgene has not alleged an irreparable consequence like that in Kahn.
 
 
 10
 Because Calgene may have to litigate the patent in another forum is not an irreparable injury. Further, the dismissal order can be effectively challenged on appeal from a final judgment. See, e.g., Federal Trade Comm'n v. Standard Oil Co. of California, 449 U.S. 232, 244 (1980) (expenses and burdens of defending a continuing administrative action do not constitute irreparable harm such that action taken by an administrative agency is reviewable before the conclusion of the administrative adjudication). The order would become moot, as asserted by Calgene, only if Calgene chooses not to challenge it later or if Calgene prevails on the merits in the Delaware action. See Standard Oil, 449 U.S. at 244, n. 11 (a challenge that may be "mooted in adjudication warrants the requirement that [the premature appellant] pursue adjudication, not shortcut it"). In sum, Calgene seeks review of an order that provides for litigation of a patent in a forum that it does not prefer. Such an order is much like a transfer order; an order clearly not appealable. When a case is transferred or the effect is the same, the principles of judicial efficiency and the policy against piecemeal appeals do not allow for interlocutory review.
 
 
 11
 Calgene also argues that the order is appealable under the collateral order doctrine of Cohen. However, to come within the "small class" of collateral orders that may be appealed before a final judgment, the order must, inter alia, "be effectively unreviewable on appeal from the final judgment." Moses H. Cone Hospital v. Mercury Constr. Corp., 460 U.S. 1, 11-12 (1983) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). As stated above, we conclude that Calgene may effectively challenge the dismissal of its declaratory judgment count after a final, adverse judgment. See Standard Oil, 449 U.S. at 246 (an order that would merge with any final decision on the merits is not appealable under Cohen ).
 
 
 12
 In sum, the order is not appealable because it does not meet the requirements of Carson. For similar reasons, the order is not appealable under the Cohen doctrine.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 (1) Enzo's motion to dismiss is granted.
 
 
 15
 (2) Enzo's motion for sanctions is denied.
 
 
 16
 (3) Calgene's motion to expedite the briefing schedule is moot.
 
 
 
 *
 In Volvo North Am. Corp. v. Men's Int'l Professional Tennis Council, 839 F.2d 69 (2d Cir.1988), the Second Circuit considered a similar issue. In Volvo, the district court dismissed certain counts of a complaint that included a prayer for injunctive relief while other counts remained pending. The Second Circuit concluded that the order had the practical effect of refusing an injunction and that the other requirements of Carson were met. Volvo, 839 F.2d at 73-75. The Second Circuit stressed that the district court determined that the plaintiffs failed to state a claim upon which relief could be granted and that the district court thus determined one of the same questions that would have been presented to the district court on the merits of an application for an injunction. Volvo, 839 F.2d at 75-76. However, in the present case, the district court did not address the same questions that it would have addressed had it considered the merits of an application for an injunction. Instead of considering whether Enzo's patent was invalid or not infringed, the district court merely determined that Calgene's declaratory judgment count was not first filed for purposes of deciding the forum that would try the patent issues