60 F.3d 839
 75 A.F.T.R.2d 95-2599, 95-2 USTC P 50,376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert KLEIN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5152.
 United States Court of Appeals, Federal Circuit.
 May 3, 1995.
 
 Before ARCHER, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ARCHER, Chief Judge.
 
 DECISION
 
 1
 Robert Klein appeals the order of the United States Court of Federal Claims, staying his refund action pending resolution of a later-filed action by the government in the United States District Court for the Southern District of New York (SDNY). Klein also appeals the denial of his motion to enjoin the Internal Revenue Service (IRS) from initiating administrative collection proceedings pending resolution of the Court of Federal Claims action. We dismiss the appeal of the stay order for lack of jurisdiction and affirm the denial of the injunction.
 
 DISCUSSION
 
 2
 The IRS assessed responsible officer penalties against two officers. Klein (President) and Parvis Motamed (Vice President), of Parkline Corporation for the willful failure to collect or account for payroll trust fund taxes. On November 12, 1990, the IRS applied an overpayment of Klein's 1986 income taxes to the unpaid assessment. On October 1, 1993, Klein filed a refund action in the Court of Federal Claims contending that he was not liable for the responsible officer penalties. On April 28, 1994, the government filed a motion to suspend the proceedings before the Court of Federal Claims while it pursued a collection action for additional responsible officer penalties against Klein as well as Motamed in the SDNY, which the Court of Federal Claims granted. Klein now appeals that order.
 
 
 3
 A stay order is not generally considered a final judgment over which this court has appellate jurisdiction. 28 U.S.C. Sec. 1295(a)(1) (1988). Under limited circumstances, the Supreme Court has recognized exceptions to this rule, which Klein contends confers jurisdiction on this Court. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n. 11 (1983).
 
 
 4
 In Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed.Cir.), cert. denied, 464 U.S. 935 (1983), for example, this court stated "[a] stay may be an appealable 'final' decision, and thus within the jurisdiction of an appellate court, when it effectively puts the parties out of the district court, either permanently because it terminates the action as a practical matter, or, as some courts have held, for a protracted or indefinite period." Klein relies on this exception to the finality rule, arguing that a stay of the Court of Federal Claims action in favor of the district court action would practically terminate the refund action because the district court decision would be res judicata. Because the stay will not displace Klein from a federal forum, however, this exception is not applicable. See Moses H. Cone Hosp., 460 U.S. at 10-11 n. 11 ("We hold only that a stay order is final when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court.").
 
 
 5
 Klein also argues that the Court of Federal Claims erred by staying the refund action in favor of the later-filed district court action because Klein was the first to file. The preference for the first-to-file forum may be avoided, however, where a court finds "compelling" or "special" circumstances. Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir.1971); William Gluckin & Co. v. International Playtex Corp., 407 F.2d 177, 178-79 (2d Cir.1969). The Court of Federal Claims found such a special circumstance here because, in the interest of judicial economy, resolution of the tax dispute with all of the officers of the Parkline Corporation would be best served in a single forum--the SDNY.
 
 
 6
 Klein further asserts jurisdiction under the "collateral order doctrine." This doctrine, as stated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), provides that a stay may be appealable if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." More recently, in Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988), the Supreme Court specifically defined the three criteria of this doctrine, holding that it applies only when (1) the stay order conclusively determines the disputed question, (2) the order resolves an important issue completely separate from the merits of the action, and (3) the order is effectively unreviewable on appeal from a final judgment. Other than citing the doctrine, Kline does not explain how these criteria are met. Further, even if Klein could meet the first and third criteria, Klein could not satisfy the second criterion because the issues raised in the SDNY fully encompass the questions before the Court of Federal Claims. See id. ("If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order exception....").
 
 
 7
 Klein finally argues that the Court of Federal Claims' stay is an appealable interlocutory order pursuant to 28 U.S.C. Sec. 1292(a)(1) (1988). For this proposition, Klein relies on Kahn v. General Motors Corp., 889 F.2d 1078, 1080 (Fed.Cir.1989), which indicated that "[t]here is no functional distinction between a stay of the first-filed suit and an injunction against prosecution of the first-filed suit." We have held that for an order to be deemed an appealable injunction under Sec. 1292(a)(1) the order must meet the three Carson factors. Woodard v. Sage Prods., Inc., 818 F.2d 841, 849 (Fed.Cir.1987) (in banc). The order must (1) be injunctive in nature, (2) cause a serious, if not irreparable, consequence, and (3) only be effectively challenged by immediate appeal. Id. (citing Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981)). Again, Klein does not explain how any of these criteria are met, and there is no indication in the record that all could be satisfied.
 
 
 8
 Accordingly, because Klein has failed to establish why the Court of Federal Claims' stay order should be accorded the status of a final judgment, this portion of Klein's appeal is dismissed for lack of jurisdiction.
 
 
 9
 Klein also filed a motion requesting an injunction against the IRS to suspend administrative collection proceedings pending resolution of the Court of Federal Claims action. The Court of Federal Claims denied the motion because Klein had not posted a bond as required by the Anti-Injunction Act, I.R.C. Secs. 7421(a), 6672(b) (1988 & Supp. V 1993). We perceive no error in the order denying the injunction and affirm the Court of Federal Claims on this issue.