**AIR PRODUCTS AND CHEMICALS, INC; Tesco Corporation, and Tesco Drilling Technology, Inc., Plaintiff,**

v.

**MG NITROGEN SERVICES, INC., International Nitrogen Services, L.L.C., and Messer Griesheim Industries, Inc., Defendant.**

**No. Civ.A. 00–457–SLR.**

United States District Court, D. Delaware.

Feb. 28, 2001.

---

8. Fonda already has, in compliance with the Court's oral ruling of February 12, 2001, timely filed its amended complaint.

Gregory P. Williams, Richards, Layton & Finger, Wilmington, DE, for plaintiff.

Philip Trainer, Jr., Ashby & Geddes, Wilmington, DE, for defendants.

## MEMORANDUM ORDER

SUE L. ROBINSON, District Judge.

At Wilmington this 28th day of February, 2001, IT IS ORDERED that defendant's motion to dismiss or, alternatively, to stay or transfer the case (D.I.18) is granted in part and denied in part. The case shall be transferred to the United States District Court for the Southern District of Texas—Houston Division for the reasons that follow:

1. Plaintiff Air Products and Chemicals, Inc. ("Air Products") is a Delaware corporation with its principal place of business in Allentown, Pennsylvania. (D.I.17, ¶ 2) Air products makes and sells membrane equipment for producing gas streams rich in oxygen. (*Id.*) It sells that equipment for a variety of applications, including the production of nitrogen for on-site injection in oil well drilling applications. (*Id.*) Air Products customers include plaintiffs Tesco Corporation ("Tesco Corp.") and Tesco Drilling Technology, Inc. ("Tesco Drilling") (collectively, "Tesco"). (D.I.17, ¶ 5) Air Products has agreed to indemnify its customers who are accused of infringement for using Air Products equipment. (D.I. 20 at 6)

2. Plaintiff Tesco Corp. is a Canadian corporation with its principal place of business in Canada. Tesco Corp. is a supplier of oil and gas equipment and drilling ser-

vices to the oil and gas industry outside the United States. (D.I.17, ¶ 3)

3. Plaintiff Tesco Drilling is a Delaware corporation with its principal place of business in Houston, TX. (D.I.17, ¶ 4)

4. Defendant MG Nitrogen Services, Inc ("MG Nitrogen") was a Delaware corporation with its principal place of business in Malvern, Pennsylvania. (D.I.17, ¶ 6) It no longer exists as a corporate entity. (D.I. 22 at 1 n. 1) It is, however, the listed owner of United States patent nos. B1 5,388,650; 5,749,422; 5,862,869; and 6,041,873 ("the patents-in-suit"). (D.I.17, ¶¶ 9, 11–13)

5. Messer Griesheim Industries, Inc. ("MGI") is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. MGI claims an ownership interest in the patents-in-suit. (D.I.17, ¶¶ 8, 10)

6. International Nitrogen Services, L.L.C. ("INS") is a Delaware L.L.C. with its principal place of business in Houston, Texas. INS is the exclusive licensee of the patents-in-suit. (D.I.17, ¶¶ 7, 14)

7. On April 28, 2000, INS and MGI filed suit in the United States District Court for the Southern District of Texas against Tesco and Tesco Drilling alleging infringement of the patents-in-suit. *See International Nitrogen Servs., L.L.C. and MG Indus., Inc. v. Tesco Corporation and Tesco Drilling Tech. Inc.,* C.A. No (H–00–1432) (S.D.Tex. filed Apr. 28, 2000) ("the Texas case").

8. On May 5, 2000, Air Products filed this declaratory judgment action against MG–Nitrogen, INS and MGI for a declaration of noninfringement and invalidity of the same four patents-in-suit. (D.I.1)

9. On June 30, 2000, MG Nitrogen, INS, and MGI filed a motion to dismiss the complaint outright, stay the proceedings until the resolution of the Texas case, or transfer it to the United States District Court for the Southern District of Texas—Houston Division. (D.I.8)

10. On September 8, 2000, Air Products amended its complaint to include Tesco and Tesco Drilling as plaintiffs. (D.I.17)

11. On September 29, 2000, MG Nitrogen, INS, and MGI filed a motion to dismiss the amended complaint outright, stay the proceedings until the resolution of the Texas case, or transfer it to the United States District Court for the Southern District of Texas—Houston Division. (D.I.18)

12. NG Nitrogen, INS, and MGI (referred to collectively as "patentee") allege that Tesco Drilling and Tesco Corp. (referred to collectively as "Tesco") directly infringe the process claims of the patents-in-suit. Although the patentee claims that Air Products is a contributory infringer and/or is inducing infringement (D.I. 19 at 4), the patentee has chosen to sue only Tesco for infringement. The patentee argues that it is entitled, as the first to file, to proceed with its lawsuit in Texas.

13. The Federal Circuit has recognized the first to file rule noting that, "as a principle of sound judicial administration, the first suit should have priority, absent special circumstances." *Kahn v. General Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir.1989), quoting *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969).

14. Plaintiffs Air Products and Tesco recognize the first to file rule but insist that the "mere customer" exception to the first to file rule should be invoked. Since Tesco is a customer of Air Products and Air Products must indemnify Tesco for Tesco's infringement, plaintiffs argue that Air Products is the real party in interest and, therefore, should have its choice of forum recognized.

15. The Supreme Court has held, "[i]f the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted simultaneously to prosecute the declaratory judgment action elsewhere." *Kerotest Mfg. v.*

*C–O–Two Fire Equip. Co.*, 342 U.S. 180, 186, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

16. Here, however, it is undisputed that Air Products, the manufacturer of a device used to infringe the claims of the patents-in-suit, can be named as a defendant in Texas. (D.I. 12 at 11) Thus, the exception in *Kerotest Mfg.* does not apply.

17. The Federal Circuit recognized the "customer suit" exception to the first to file rule "where the first suit is filed against a customer who is simply a reseller of the accused goods." *Kahn*, 889 F.2d at 1081. The court noted that "[t]he customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement, and to guard against possibility of abuse." *Id.*

18. Here, however, Tesco is not merely a reseller of the membrane equipment. The patentee alleges that Tesco directly infringes the patents-in-suit by using Air Products' membrane equipment in nitrogen production units ("NPUs") to generate nitrogen-rich gaseous streams for use as a drilling fluid in oil and gas drilling and to enhance drilling fluids and well completions. (D.I. 19 at 4) Tesco's use of the NPUs, of which the Air Products' membrane equipment is just a part, directly infringes the claims-in-suit, while Air Products' sale of the equipment only induces or contributes to infringement. (*Id.*)[1]

19. The facts of record do not fit within any exception to the first to file rule. However, since Air Products will ultimately be liable for Tesco's infringement as a direct infringer, contributory infringer, or indemnitor, it has a significant interest in participating in this litigation. This court, therefore, has declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201.

20. Nevertheless, the interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts.

21. Title 28, section 1404(a) provides:

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

22. The court concludes that the interests of justice favor that this case be transferred to the United States District Court for the Southern District of Texas—Houston Division.

---

1. The allegations that Air Products only indirectly infringes the patents-in-suit are made on information and belief. The patentee has reserved the right to assert direct infringe- ment of the patents-in-suit by Air Products in the event that evidence is discovered-demonstrating direct infringement.