**INNOVATION VENTURES, L.L.C. d/b/a/ Living Essentials, Plaintiff,**

v.

**CUSTOM NUTRITION LABORATORIES, L.L.C., Defendant.**

Civil No. 07–14829.

United States District Court, E.D. Michigan, Southern Division.

Feb. 11, 2008.

Patrick M. McCarthy, Howard & Howard, Ann Arbor, MI, Stephen P. Dunn, Michelle M. Wezner, Howard & Howard, Bloomfield Hills, MI, for Plaintiff.

Baxter W. Banowsky, Banowsky, Betz, Dallas, TX, Bruce A. Inosencio, Jr., Jackson, MI, for Defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JOHN FEIKENS, District Judge.

Defendant Custom Nutrition Laboratories, L.L.C.'s (Custom) brings this motion to dismiss the Complaint brought by Plaintiff, Innovation Ventures, L.L.C. (Innova-

tion), pursuant to the first to file doctrine. For the reasons set forth below, I GRANT the motion to dismiss.

## I. FACTUAL BACKGROUND

On October 29, 2007, Defendant Custom filed suit in a Texas state court against the Plaintiff Innovation, asking for breach of contract damages. Process was served through the Texas Secretary of State on November 2, 2007. The action before me was filed by Plaintiff on November 9, 2007. The Texas state court action was removed to the federal court in the Northern District of Texas on November 26, 2007. Both suits are based on a manufacturing agreement entered into by the parties that requires Defendant to manufacture and package a dietary supplement called "5 Hour Energy."

## II. ANALYSIS

### A. The First to File Rule

The first-to-file rule is a well-established doctrine that encourages comity among federal courts. *Certified Restoration Dry Cleaning Network v. Tenke Corp.*, 511 F.3d 535, 551–52 (6th Cir.2007). The rule provides that when actions involving the same parties and issues have been filed in two different courts, the court in which the first suit was filed should proceed to completion. *Id.*

Courts have discretion to dispense with the first-to-file rule when equity so demands, but as a principle of sound judicial administration, the first suit should have priority, absent special circumstances. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed.Cir.1989) (quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969)). Special circumstances may include evidence of inequitable conduct, bad faith, anticipatory suits, forum shopping or sig-

nificant policy considerations. *Nartron Corp. v. Quantum Research Group, Ltd.,* 473 F.Supp.2d 790, 795 (E.D.Mich.2007) (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates,* 16 Fed.Appx. 433, 437 (6th Cir.2001)); *See AmSouth Bank v. Dale,* 386 F.3d 763, 791 n. 8 (6th Cir.2004).

■ The fact that the initial case was filed in Texas state court, as opposed to federal court, is immaterial. Although the Sixth Circuit has little to say on this issue, other courts, including this Court, state that the date the removed action was filed in state court is the controlling date to determine which of two actions has priority. The date of removal is immaterial. *See Hartford Accident & Indemnity Co. v. Margolis,* 956 F.2d 1166 (9th Cir.1992); *Aluminum Banking Co. v. Callery/Conway/Mars/HV, Inc.,* 2006 WL 2193007 (E.D.Mich. Aug. 2, 2006) (Zatkoff, J.) ("every court to consider the question has held that the date the case was filed in state court is the relevant date")

### B. Application

■ Although I have discretion to ignore the first to file doctrine when there are equitable concerns, I choose not to in this situation. Plaintiff Custom alleges that Defendant Nutrition negotiated in bad faith by not disclosing in their settlement discussions the fact that Defendant had filed its case in Texas. This, in turn, allowed Defendant to gain a strategic advantage over Plaintiff. There is, however, no evidence that Defendant purposefully misled Plaintiff, nor is there even a suggestion that Plaintiff was inappropriately induced to delay the filing of this claim. *See MSX International Engineering Services, Inc. v. Levine,* 2002 WL 551041 at *4 (E.D.Mich.2002) (Steeh, J.) (when there is no evidence a misrepresentation caused the complaining party to delay its filings, the first to file doctrine should be applied).

Second, I find that the time period between the first filing and this filing is not de minimis. I briefly note that recently in *Clear!Blue, LLC v. Clear Blue, Inc.,* 521 F.Supp.2d 612, 614 (E.D.Mich.2007), (Feikens, J.), I applied the first to file doctrine when the time span was only four days. In this instance the span of time is 11 days. In either event, a de minimis finding might be appropriate if the difference were a matter of hours, but a matter of days is significant. Because I have found that dismissal is proper pursuant to the first-to-file rule, I do not need to analyze whether venue is proper, pursuant to 28 U.S.C. § 1404, whether there exists an indispensable party, or whether abatement is proper.

### III. CONCLUSION

For the reasons set forth above, I GRANT Defendant's motion and dismiss this action.

**IT IS SO ORDERED.**