NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

―――――――――

**In re:  CINEMARK HOLDINGS, INC., AMC
ENTERTAINMENT HOLDINGS, INC., REGAL
ENTERTAINMENT GROUP,**
*Petitioners*

―――――――――

2021-103

―――――――――

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:19-cv-00265-JRG, 2:19-cv-00266-JRG, and 2:19-cv-00267-JRG, Chief Judge J. Rodney Gilstrap.

―――――――――

**ON PETITION AND MOTION**

―――――――――

Before PROST, *Chief Judge*, LOURIE and CHEN, *Circuit Judges*.

LOURIE, *Circuit Judge*.

# **O R D E R**

Cinemark Holdings, Inc., AMC Entertainment Holdings, Inc., and Regal Entertainment Group petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer the underlying consolidated cases to the United States District Court for the Northern District of California.  Intertrust

Technologies Corporation opposes and moves for leave to file a sur-reply brief, which petitioners oppose. Petitioners and Intertrust move unopposed to exceed the confidential word limits of Federal Circuit Rule 25.1(d)(1).[1]

I.

These cases concern technology used in the movie industry to securely distribute digital content. Like the parties, the court will refer to this technology as "DCI-compliant" technology, named after the company, Digital Cinema Initiatives, LLC, formed by the major motion picture studios to develop such industry-wide standards. Dolby Laboratories, Inc. is one producer of DCI-compliant components, including, as most relevant here, components referred to as image media blocks ("IMBs").

Petitioners here, Cinemark, AMC, and Regal, operate movie theatres and incorporate IMBs from Dolby as well as other producers into DCI-compliant equipment suites. They are headquartered in Plano, Texas; Leawood, Kansas; and Knoxville, Tennessee; respectively. Intertrust brought these suits (which have been consolidated for pretrial proceedings) in the Eastern District of Texas, alleging that petitioners directly infringed method and apparatus claims of eleven of Intertrust's patents through petitioners' use of these equipment suites.

Intertrust filed these suits against petitioners in August 2019. A few months earlier, Intertrust was sued in the Northern District of California by Dolby, seeking a

---

[1]    The court notes that the parties' motions to waive the confidentiality requirements were premised on the fact that the district court's order denying transfer and the underlying transcript were filed under seal. Those documents have since been unsealed. *See Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-cv-00266-JRG, ECF Nos. 157, 167 (E.D. Tex. 2020).

declaratory judgment that its sale of IMBs to petitioners and other customers did not directly or indirectly infringe the same patents asserted in the underlying actions against petitioners. Intertrust counterclaimed for direct and contributory infringement. Although petitioners are not parties to the California lawsuit, they jointly moved the Texas court to transfer these actions to the Northern District of California, arguing primarily that transfer was warranted under the first-to-file rule.

The district court denied the motion on September 30, 2020. The court recognized that the first-filed action is generally given preference when identical or highly related suits are filed in separate courts but held that such preference did not warrant transfer because "there is not an identity of parties or infringement allegations" and that petitioners' "alleged infringement does not completely coincide with that of Dolby and the resolution of the Dolby Action will not moot the issues presented here." *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-cv-00266-JRG, slip op. at 17 (E.D. Tex. Sept. 30, 2020). The court further found that petitioners had not shown that the Northern District of California was a clearly more convenient forum based on the traditional factors bearing on a 28 U.S.C. § 1404(a) analysis. Petitioners now seek mandamus review of that ruling.

## II.

The basics for obtaining transfer under either the first-to-file rule or § 1404(a) are generally straightforward. Under the first-to-file rule, where there is complete or nearly complete overlap between two cases, the usual rule is for the court of first jurisdiction to resolve the issues. *See Merial Ltd. v Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012); *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985). Under § 1404(a), the movant must "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, [and] in the interest of

justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) (quoting § 1404(a)).   A district court generally has considerable discretion in deciding whether to transfer under either rule, and we review its decision on mandamus only for a clear abuse of discretion.   *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

We cannot say petitioners have shown that the district court's first-to-file rule determination amounted to a clear abuse of discretion.   Whereas the California action focuses on Dolby's IMBs, these suits focus on petitioners' use of equipment suites, some of which use IMBs made by producers other than Dolby.   Intertrust contends, moreover, that other components used in petitioners' equipment suites aside from IMBs can independently meet most of the same limitations for the claims asserted here.   For these reasons, the issues of infringement are not clearly common between the cases and resolution of the California action would not necessarily resolve the Texas cases.[2]   Thus, the district court here had at least a plausible basis to conclude that transfer of these cases would not likely reduce piecemeal resolution and minimize the possibility of embarrassing inconsistent results that the first-to-file rule was designed to prevent.

Apart from the first-to-file rule, petitioners also challenge the district court's analysis of the § 1404(a) convenience factors.   Under applicable Fifth Circuit law, we review those determinations only to see if the district

---

[2]   For these reasons alone, among others, we must also reject any suggestion that the district court erred in applying the principles underlying the so-called customer-suit exception.   *See Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (declining to apply the exception where there was no evidence that the later filed action "would resolve all charges against the customers in the stayed suit, including liability for damages").

court's refusal to transfer amounted to a patently erroneous result.  *See TS Tech*, 551 F.3d at 1319.  We cannot say that such result occurred here.  The district court considered all the relevant factors based on the record before it.  It noted that Intertrust's chosen forum, located in the district in which Cinemark is headquartered and much closer to the headquarters of the other petitioners, would be convenient for certain relevant documents and physical evidence as well as witnesses of petitioners and at least one third-party witness from Dolby who has personal knowledge of the development of the DCI standard. Under similar circumstances, where no defendant is headquartered in the proposed transferee venue, this court has not previously granted mandamus, and we see no reason to grant such extraordinary relief here.

Accordingly,

IT IS ORDERED THAT:

(1) Intertrust's motion to file a sur-reply brief is granted.  ECF No. 15-2 is accepted for filing.

(2)  The petition for a writ of mandamus is denied.

(3)  The motions to exceed the confidential word limits (ECF Nos. 4 and 10) are denied as moot.

FOR THE COURT

December 17, 2020              /s/ Peter R. Marksteiner
        Date                          Peter R. Marksteiner
                                      Clerk of Court

s29